State *v.* Bleekley.

THE STATE, Respondent, *vs.* BLEEKLEY, Appellant.

1. The illegal manner of summoning a grand jury is no ground for a plea in abatement to an indictment, nor would it, under our statute, be any ground for a challenge to the array.

*Appeal from Holt Circuit Court.*

*Vories* and *Hudgens,* for appellant.
*Gardenhire,* (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted at the October term, 1852, of the Circuit Court for Holt county, for permitting a gambling device to be set up and used in a building of which he had the possession and control, and permitting persons to bet money and property on games of chance played thereon.

At the April term of said court, in the following year, the defendant appeared and filed his plea in abatement to the said indictment, which alleged, that the grand jury which found and presented the said indictment, had not been summoned and selected and chosen to perform the duties of grand jurors, according to the statute of this state regulating the selecting and impanneling grand jurors for Holt county, and specifying the omissions in such selecting and impanneling. The circuit attorney demurred to the plea of the defendant. The court sustained the demurrer. The defendant afterwards filed his plea

of not guilty, a jury was had, and a verdict of guilty and judgment thereon rendered against the defendant. The defendant afterwards made his motions for a new trial and in arrest of judgment, which were overruled, and he brings the case here by appeal.

1. The principal matter relied on by the appellant's counsel for the reversal of the judgment below, is the ruling of the court in sustaining the demurrer to the defendant's plea in abatement.

The legislature, at their session of 1850 and '51, passed " an act to provide for a uniform jury law, and to provide for the payment of jurors." This act was made to embrace a part of the counties only of the state—did not extend over the entire state ; among the counties over which this act extended, is the county of Holt. This act requires the Circuit Court, at the several terms, to appoint three commissioners, who shall select, at the term at which they are appointed, the names of one hundred persons, free from legal exceptions, of fair character, of approved integrity, of sound judgment, and well informed, to serve as jurors ; the names of these persons were to be written on pieces of paper and folded up as nearly alike as possible, put in a box and the commissioners to shake the box and draw out the slips of paper, one by one, and keep a list of the names thus drawn, in the order drawn. The commissioners are to certify this list of names to the court, properly sealed up, and the court to deliver the list to the clerk, and swear the clerk and his deputies not to open the envelop enclosing the list of names, except at the time prescribed by said act. This time is declared to be within thirty days of the next term, and not before. The clerk shall then make out a list of the first forty names, not to include the name of a person who has died, (if any,) since the list was made by the commissioners, or one who has become insane, or moved out of the county ; and shall forthwith deliver the list to the sheriff, who shall, at least three days previous to the term, summons said persons to attend

as jurors ; from the list so summoned, a grand jury shall be selected.

It appears that the grand jury which was selected and impanneled at the term of the court at which this indictment was found, had not been selected under the provisions of the above mentioned act, but was selected according to the general law regulating grand jurors, (R. C. 1845, Practice and Proceedings in Criminal Cases, art. 3, p. 863,) and this failure thus to select them, is relied upon by the defendant in his plea, to abate this indictment.

Without taking any notice of this subject, under the practice at the common law in regard to it, and without reference to the practice of some of the courts in sister states, where the common law has been adopted, we consider this subject regulated by our statutes.

In early days, in this state, it was common for the courts to grant new trials in criminal cases, on account of some disqualification of jurors. Frequently, after undergoing the labor and expense of a trial, lasting for days, and after a verdict of guilty was found, a new trial was ordered, because the prisoner had discovered that one of the jurors was an alien.

The legislature determined to put a stop to this practice, and declared, that " no exception to a juror, on account of his citizenship, non-residence, state or age, or other legal disability, shall be allowed after the jury is sworn." R. C. 1845, *tit.* " Jurors."

" Any person held to answer to a criminal charge, may object to the competency of any one summoned to serve as a grand juror, before he is sworn, on the ground that he is the prosecutor or complainant, upon any charge against such person, or that he is a witness on the part of the prosecution, and has been summoned or bound in a recognizance as such ; and if such objection be established, the person so challenged shall be set aside." Sec. 2.

" No challenge to the array of grand jurors, nor to any person

State *v.* Bleekley.

summoned as a grand juror, shall be allowed in any other cases than such as are specified in the last section." Sec. 3, art. 3, Practice and Proceedings in Criminal Cases, R. C. 1845, p. 863.

Sec. 48 : "Whenever any person charged with an offence shall be confined in any jail two months before the regular term of the Circuit Court in which he is to be tried, the jailor shall, without delay, inform the judge of such court thereof, who shall cause a special term of the said court to be held for the trial of such prisoner."

Sec. 51: " The judge, in his discretion, may order a grand jury to be summoned, and the court, at such special term, shall possess all the jurisdiction, and have all the powers of a circuit court, in criminal proceedings, at a regular term thereof." R. C. 1845, tit. " Courts."

Now give the effect to the statute concerning jurors, or, as it is called, the " Uniform Jury Law," passed in 1851, for the government of some twenty-five counties in this state, where there are upwards of one hundred, which the defendant's counsel contends for in this case, and we must virtually deprive the courts from ever holding a special term for criminal business, in the counties under this " Uniform Jury Law ;" for no grand jury can be summoned at such terms — no indictment found; and the prisoner must still remain in jail, though it is more than two, or even more than four months, to the next regular term.

The legislature never designed this ; they never anticipated such an event ; they supposed all objection to juries, either grand or petit, must, under the laws of the state, be made at the time when about to be sworn, and for the causes in the statute mentioned. The court, then, very properly, sustained the demurrer to the plea in abatement filed herein.

The defendant is not permitted to question the manner of summoning the grand jury ; such a cause on such a subject, is not one of the statutory objections allowed to grand juries or to a grand juror in our courts, and none other can avail.

The object of this "uniform jury law," for a small part of our state, appears to be for the purpose of equalizing more the service on juries, and providing for the means of payment of such services.

The grand jurors are required by the general law concerning them, to be either householders or freeholders; this requisite is not among those necessary for the commissioners to regard in making their selections of the one hundred men under the new "uniform jury law." Upon the whole view of this subject, then, it is the opinion of this court that the defendant's plea in abatement was properly considered of no force by the court below. The matters set forth therein by him, however they may be regarded and considered at common law, are not available under our statutes.

The judgment below is affirmed, the other judges concurring.