State v. Welch.

———•••••———

STATE OF MISSOURI, Respondent, v. DAVID C. WELCH, Appellant.

*Practice, Criminal—Grand Jury.*—A challenge to a grand juror or to the array must be made before the jurors are sworn, and can only be made for the causes stated in the statute. (R. C. 1167, § 2.)

*Practice, Criminal—Demurrer.*—That a plea in abatement is not sworn to is no cause of demurrrer.

*Appeal from Pemiscot Circuit Court.*

*E. G. Walker*, for appellant.

I. That the record nor the caption, neither the one nor the other, shows where the pretended term of the pretended Circuit Court was begun and held, if any was so begun and held in October, 1857.

II. That the record shows that the grand jurors by whom the pretended indictment was found and returned a "true bill," had been summoned and selected from a certain class, to wit, householders, and not from the general class of the free white male citizens of the State of Missouri, being residents of the county of Pemiscot, and otherwise qualified according to law. (State v. Rawls, 7 Sm. & M.)

III. That the oath required to be administered to the sheriff and all his deputies attending the court, as required by the statutes of Missouri, does not appear by the record to have been administered.

It is a well settled principle in all the decisions in all the States that it is the office of the caption of the record to show when, where and by what authority the court was held and claimed to act. (State v. Rawls, 7 Sm. & M., and the authorities there referred to.)

*S. Voullaire,* for respondent.

The court below properly sustained the demurrer on the part of the State to the plea in abatement of appellant, because,

I. The plea in abatement should have been verified by affidavit. (R. C. 1855, p. 1182, § 6.)

II. The illegal manner of summoning a grand jury is no ground for a plea in abatement to an indictment. (State v. Bleckley, 18 Mo. 428; R. C. 1855, p. 910, § 9, & p. 1167, § 2 & 3.)

BATES, Judge, delivered the opinion of the court.

The defendant was indicted for gaming. He at a subsequent term of the court filed a plea in abatement, alleging that the grand jury which found the indictment had not been summoned in the manner provided by law, and setting out the particulars in which the law was departed from. The circuit attorney demurred to the plea in abatement, and the demurrer was sustained. The defendant then pleaded not guilty, was tried, convicted, and fined.

The only question is upon sustaining the demurrer to the plea in abatement.

It is objected here that the plea in abatement was not supported by affidavit, but that is not a ground for demurrer.

The demurrer was properly sustained.

The statute regulating practice in criminal cases (art. 3, § 2, p. 1167) provides for objections to grand jurors being

made before they are sworn, and section 3, on same page, provides that " no challenge to the array of grand jurors, or to any person summoned as a grand juror, shall be.allowed in any other cases than such as are specified in the last section." This plea in abatement is in the nature of a challenge to the array, and is forbidden by the statute. This case is fully covered by the decision in the case ·of the State v. Bleckley, 18 Mo. 428.

The other judges concurring, judgment affirmed.