———o———

STATE OF MISSOURI, Respondent, *vs.* FRITZ DROGMOND, Appellant.

1. *Practice, criminal—Indictment—Grand Jury—Plea in abatement.*—An objection that certain members of a grand jury were discharged by the court and others sworn in their places, and that being so altered the jury found the indictment, cannot be raised by plea in abatement.

*Appeal from Jackson Circuit Court.*

*Johnson & Botsford and F. A. Mitchell,* for Appellant.

I. There is no provision in the statute authorizing a court to discharge grand jurors, and substitute from by-standers peremptorily as charged in the plea in abatement. The body thus constituted was illegal, and the bill found by them against appellant was void. (Wagn. Stat., p. 799, § 11.)

II. The objection made by the plea was not "a" challenge to the array of grand jurors, or to any person summoned as a grand juror within the meaning of Wagn. Stat., 1081, § 3. That section refers to the array of grand jurors as originally constituted, or to a juror originally summoned as one of the regular panel. It was not designed to forbid an objection like this where the court on its own motion and without cause, illegally changed the original panel, thereby creating a new and unlawful body wholly unknown to our laws. (State vs. Beekley, 18 Mo., 428 ; State vs. Welch, 33 Mo., 33 ; State vs. Connell, 49 Mo., 283.)

*H. Clay Ewing, Att'y Gen'l,* for Respondent.

I. The court did not err in sustaining the demurrer to the defendant's plea in abatement. The court at any time has the right to discharge from the panel a grand juror, who may not be qualified to act as such, and have his place supplied by one who is legally qualified to act. (1 Wagn. Stat., p. 799, § 10.) Will it be contended that the court could discharge one who is not qualified to act, upon his being challenged, and yet if he is not challenged, and the same information as to his want of qualification comes to the court he cannot be discharged. (Comm. vs. Burton, 4 Leigh., 645 ; Jetton vs. State, Meigs, [Tenn.,] 192; State vs. Jacobs, 6 Tex., 99.)

II. By the plea of "not guilty" any objection that might have existed to the grand jury was waived. (Commonwealth vs. Chauncey, 2 Ashmead, 90.)

III. In absence of proof to the contrary, it will be presumed that jurors were discharged for a legal cause, and that the court acted by authority. (Easterling vs. State, 35 Miss., 210.)

State v. Arnold.

ADAMS, Judge, delivered the opinion of the court.

The defendant was indicted for selling liquor on Sunday. He filed a plea in abatement, alleging that several of the grand jurors, during the progress of the court at which the indictment was found, were discharged by the court and others sworn in their places, and that the grand jury after thus being changed and constituted, found this indictment. The State's attorney demurred to this plea, and the demurrer was sustained. The defendant afterwards pleaded not guilty was tried and convicted. The only matter complained of here, is the action of the court in sustaining the demurrer to the plea in abatement. A plea in abatement is not the proper mode of raising objections to grand jurors. If it were, this plea does not state the grounds, on which the court acted in discharging the jurors and summoning others in their places. Under certain contingencies the court has the right to do this. If a grand juror fails to attend, or is found to be incompetent, after he is qualified, the court may in its discretion cause another juror to be summoned and sworn. (1 Wagn. Stat., 799, § 10.) Objections to jurors must be made before they are sworn. The objection raised by this plea, is to the array, that is to the panel. Such objection cannot be presented by a plea in abatement. (Wagn. Stat., 797, § 3; Id., 1081, § 3; State vs. Bleekley, 18 Mo., 428; State vs. Welch, 33 Mo., 33; State vs. Connell, 49 Mo., 282.)

Let the judgment be affirmed. The other judges concur.