State v. Knight.

STATE OF MISSOURI, Respondent, vs. THOMAS KNIGHT, Appellant.

|  |  |
|---|---|
| 61 | 373 |
| 98 | 497 |
| 61 | 373 |
| 108 | 504 |
| 61 | 373 |
| 53a | 399 |
| 61 | 373 |
| 119 | 430 |
| 61 | 373 |
| 132 | 286 |
| 61 | 373 |
| 136 | 307 |
| 61 | 373 |
| 140 | 630 |
| 61 | 373 |
| 144 | 642 |
| 61 | 373 |
| 150 | 238 |
| 61 | 373 |
| 165 | 279 |
| 61 | 373 |
| 169 | ²671 |
| 61 | 373 |
| 172 | ¹646 |
| 98a | ¹668 |

1. *Juries, mode of selection—Statute of 1873, directory.*—The act of 1873 (Sess. Acts 1873, p. 46), providing the mode of summoning grand and petit jurors, is directory merely, (State vs. Pitts, 58 Mo., 556) and a failure to comply with its terms, in the manner of their selection, will not affect the judgment.

2. *Venue, change of—Defective application—Objection to, when, should be raised.*—A defective affidavit or application for a change of venue will not render the order, making the change a nullity, and the court to which the cause is transferred, should not dismiss for that reason. The objection should be made at the time the application is acted upon.

3. *Practice, Supreme Court—Venue, change of—Petition and affidavit for—Failure of record to set out.*—The failure of the record to set out the petition and affidavit for a change of venue, will not work a reversal of the cause on appeal.

*Appeal from Osage County Circuit Court.*

*Lay & Belch,* for Appellant, cited Wagn. Stat., 1097, §§ 15, 16, 17, 19, 21, 22 and 23 ; Fanny vs. State, 6 Mo., 122 ; Lewin vs. Dille,17 Mo., 64 ; Huthsing vs. Maus, 36 Mo., 101 ; State vs. Worrel, 25 Mo., 205.

*J. A. Hockaday, Attorney General,* for Respondent, cited State vs. Pitts, 58 Mo., 556

WAGNER, Judge, delivered the opinion of the court.

The accused was indicted in the circuit court of Maries county for grand larceny, and a change of venue was awarded to Osage county, where he was tried and convicted and sentenced to the penitentiary for two years.

No error is perceived in the action of the court in the matter of giving or refusing instructions. The main grounds relied on for a reversal are, that the jury was improperly impaneled, and that the record does not show that there was a change of venue giving the court in Osage county jurisdiction of the cause.

1st. The trial was had when the act, approved March 13, 1873, entitled "An act to provide for the manner of selecting and summoning grand and petit jurors for courts of record," was in force, and it is admitted by the record that the jury

was not drawn in conformity with its provisions. But that furnishes no insuperable objection. This court has recently decided that that act was simply directory, and as no objection is made to the jurors, except that they were not selected in the mode therein pointed out, the judgment will not be disturbed on that account. (State vs. Pitts, 58 Mo., 556.)

2d. It is insisted that the record is so defective in reference to the proceedings for a change of venue, that no authority is shown for granting the change, and that the circuit court of Osage county never acquired any jurisdiction. The record states that there was a petition with an affidavit for a change of venue filed, and that it was ordered by the court that a change of venue be awarded to Osage county. The petition and affidavit are not copied in the transcript, but it is stated that they were filed. No objection appears to have been made on account of any irregularity or defect in the proceedings in Maries county, and it has been held in this court that a defective affidavit or application for a change of venue will not render the order making the change a nullity, and that the court to which the cause is transferred, should not dismiss it for that reason. The objection should be made in the first instance, at the time the petition for a change is acted upon. (Porter vs. Adams, 24 Mo., 159.)

Although the record is defective in not setting out the petition and affidavit, we will not reverse on that account. In the absence of anything to the contrary, we must presume that the court decided correctly.

The defendant brings the record here, and if there was anything in the proceedings below which resulted in injury to him, he should have had it perfected, so that the error might have been seen.

Let the judgment be affirmed. All the other judges concur.