## THE STATE v. PATE, *Appellant.*

1. **Grand Jury**: ADJOURNED TERM. A grand jury summoned for a regular term of court has power to find indictments at an adjourned term unless discharged in the meantime. The order of adjournment does not have the effect of discharging them or putting an end to their powers.

2. ———: An objection to the constitution of the grand jury by which a defendant was indicted, if available to him at all, comes too late when made, for the first time, in the Supreme Court.

3. **Indictment for Keeping a Billiard Table.** An indictment which charges that the defendant kept and permitted to be used and kept a billiard table without license, is not bad as charging two distinct offenses, (following *State v. Kesserling*, 12 Mo. 565).

4. **Billiard Table License.** A license to keep a billiard table takes effect from its delivery and not from its date, (following *State v. Hughes*, 24 Mo. 151).

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

*L. H. Waters* and *A. M. Hough* for appellant.

*J. L. Smith, Attorney-General,* for the State.

HENRY, J.—The defendant was indicted at the Octo-

ber term, 1874, of the Montgomery circuit court, for keeping a billiard table without license. The grand jury was summoned for the said October term, but, on the 29th of October, 1874, the court adjourned to the first day of December, 1874, when, as it appears from the record, the indictment was found by the grand jury summoned for the said October term.

Defendant's counsel contend that the adjournment discharged the grand jury, and that their authority then 1. GRAND JURY: adjourned term. ceased, and cite, in support of that view, *Dulle v. Deimler*, 28 Mo. 583. There was a regular term of the circuit court of Cole county in August, 1857, which for want of time to try the causes on the docket, was adjourned to the following November. Among the cases which went over, under the general order, was *Dulle v. Deimler.* At the November adjourned term, the plaintiff applied for and obtained a continuance of the cause to the next regular term, and the clerk in taxing the costs of the continuance included those which had accrued at the August term. The court, on motion, ordered the clerk to re-tax the costs, so as to exclude the costs which accrued at the regular term. Defendant appealed to the Supreme Court, which held that, while for some purposes a regular term and an adjourned term to transact unfinished business of such regular term are one, yet, they are not to be so considered in all respects, and in that case decided, that inasmuch as the plaintiff may have been ready for the trial of his cause at the regular term, and the failure to try the cause was not his fault, the costs of the regular term should abide the result. We are satisfied with the ruling in that case, but it certainly does not sustain the position taken by appellant's counsel here. The grand jury was organized at the October term, and, when that term was adjourned to the 1st of December, the adjournment did not disorganize the grand jury. The court might have discharged that jury, but the order adjourning to December did not have that effect. Is there anything in reason, or in the statute, which forbids the court,

when it adjourns the regular term to a special adjourned term, from holding the petit jury for the adjourned term? We see no difference in this respect between the petit and the grand jury, and think it clear that it is within the discretion of the court to require the attendance of the jurors at the adjourned term. Under the act of 1874, if this were not the law, adjourned terms for the trial of jury cases would have been practically forbidden. By the second section of that act, the county court, at a term thereof not less than thirty days before the commencement of the circuit court, &c., was required to select names of not less than one hundred and seventy-five persons qualified to be jurors, and from those names the grand and petit jury were to be selected. It will be perceived that, if the court could not hold its petit jury for an adjourned term, it would have been compelled to fix the time for holding its adjourned term with reference to the terms of the county courts, which would have been generally inconvenient and occasionally impracticable.

Appellant's counsel contend that by the law in force in October, 1874, eighteen jurors, and no less, constituted 2. ——. a grand jury. The record shows that there were but sixteen summoned and sworn of the panel by which this indictment was preferred. This objection comes too late. We do not say it would, or would not, have availed the defendant, but it should have been made before the jury was sworn. *State v. Bleekley*, 18 Mo. 428; *State v. Welch*, 33 Mo. 33. The objection is now made for the first time.

The indictment charged that, on the 18th of September, 1874, &c., defendant kept, *and permitted to be used and* 3. INDICTMENT FOR *kept*, a billiard table without then and there KEEPING A BILLIARD TABLE. having a license. Defendant moved to quash on the ground that keeping a billiard table, and permitting one to be used and kept, are two distinct offenses. This very question was fully considered in the case of the *State*

*v. Kesslering*, 12 Mo. 565. The indictment there was precisely like the one here, and the court held it sufficient.

The evidence in this case proved that, on the 9th of November, 1874, the defendant set up the billiard table for public use, and permitted persons to play on it, receiving from them money for the privilege; that, on the 5th of December, 1874, the collector delivered to defendant a license dated 19th of November, 1874, to keep one billiard table from the 9th of October, 1874, to the 9th of October, 1875. It will be observed that the defendant set up and kept the table about thirty days before he received the license, and this court has held repeatedly, that " when the license is obtained and dated, it looks forward, not backward. It cannot have relation back so as to cover the intermediate space." *State v. Hughes*, 24 Mo. 151. Again the court said : " It is the license to sell that gives the seller the protection under the law, and this court cannot sanction the doctrine of relation back in such cases." The license takes effect from its delivery and not from its date. The making out and signing the license by the clerk is not sufficient. It must be delivered, and the date of the delivery is that from which the party's right to keep the billiard table commences. All concurring, the judgment of the circuit court is affirmed.

*4. BILLIARD TABLE LICENSE.*

AFFIRMED.