# THE STATE v. CLARENCE CLAYBAUGH, Appellant.

### Division Two, May 18, 1909.

**APPELLATE JURISDICTION: Constitutional Question: Qualification of Grand Juror.** Neither the State nor the Federal Constitution undertakes to designate the qualifications of either a petit or grand juror; they are purely statutory, and where the real ·point in issue is whether or not under the statute a certain person was qualified to be a member of the grand jury that issue involves no more and can involve no more than a construction of the statute. So that where the ground of the motion to quash the indictment is that the foreman of the grand jury that returned it had within the period of one year prior thereto been foreman of another grand jury in the same county and was therefore disqualified to be a member of the grand jury, and the jury in consequence was not composed of twelve qualified men, no constitutional question is involved, although the motion specifically declares that to put the defendant upon trial under an indictment so returned would be violative of certain specified clauses of the Constitution, and expressly invokes these clauses; and hence the Supreme Court does not on that ground have jurisdiction of the misdemeanor case.

Appeal from Grundy Circuit Court.—*Hon. Geo. W. Wanamaker,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*O. N. Gibson* and *Hubbell Bros.* for appellant.

(1) The disqualification of the foreman is conceded, and such a case is not to be confounded with those where a mere irregularity in selection is shown. As to qualification of jurors, the statute .is mandatory; as to mode of selection, it is merely directory. 20 Cyc. 1303; R. S. 1899, sec. 3774; State v. Beckley, 18 Mo. 428; State v. Welch, 33 Mo. 33. (2) In prosecution by indictment, due process of law requires that the bill be legally found by a grand jury of twelve. Legislatures may make reasonable regulations as to

the time and manner in which the accused shall avail himself of his right to object to incompetent jurors, but to deprive him of such right altogether would be to deny to him rights guaranteed him by both the Federal and the State Constitutions. Art. 14, amendments U. S. Constitution; secs. 22, 28, 30, art. 2, Constitution of Missouri; Crowley v. United States, 194 U. S. 461; State v. Warner, 165 Mo. 415; 3 Words and Phrases, 2227, 2243. (3) The enactment of section 8774 repealed section 2488 by necessary implication. State v. Taylor, 186 Mo. 608; Kreyling v. O'Reilly, 97 Mo. App. 384; Cunningham v. Mining Co., 103 Mo. App. 398; State ex rel. v. Dolan, 93 Mo. 467; Railroad v. Cass Co., 53 Mo. 17; Glasgow v. Lindell, 50 Mo. 60.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) In 1901 the Legislature eliminated from section 3770 all reference to grand jurors, and by amendment restricted the application of that section to petit jurors only. Laws 1901, pp. 191, 192. At the same session a new section relating to the selection and summoning of grand juries was enacted, which omits all reference to any disqualification by reason of former service on a "standing jury." Laws 1901, pp. 192, 193. The words "either as grand or petit juror" were omitted from section 3770 in the Act of 1901, leaving the section as re-enacted applicable solely to petit jurors. The sentence in the first part of the section relating to grand jurors was eliminated at the same time by the same act. The failure of the Legislature to include in section 3770a, enacted in 1901, a proviso similar to that appended to 3770 and its elimination of all reference to grand jurors in the last proviso of that section, demonstrates that the Legislature intended that the disqualification formerly provided should no longer operate in the case of grand

jurors. The provisions of section 3770a, Laws 1901, pp. 192, 193, that "the county court shall thereupon draw and select said grand jury, and the same shall be summoned in the same manner as provided for the selection and summoning of petit jurors in this chapter," etc., most clearly does not, in the face of the omission of the proviso from the section, include within the meaning of 3770a the disqualification upon which defendant relies. Section 2 of the Act of March 19, 1901, includes an express legislative declaration that "there is . . . no statute law directing the manner of drawing and selecting grand juries." Section 3770 was, then, unchanged. Laws 1901, pp. 192, 193. (2) There is, then, and was, at the time of the trial, no such statute in force as that upon which defendant attempts to raise a constitutional question in the case. The statutory provision upon which defendant constructed his constitutional argument simply does not exist, and did not at the time of the trial. Counsel cannot imagine a section of the statute and then give this court jurisdiction by grounding a constitutional question upon that imaginary section. No constitutional question is involved in determining that certain sections, or certain provisions of the statutes have been repealed and no longer exist. Therefore, since no statute prohibited Wyatt's serving twice within the year on grand juries, the fact that he did so did not disqualify him. And no consideration of a constitutional question is involved in reaching this conclusion. Defendant does not present any constitutional question which is not predicated upon the existence of the repealed provisions of section 3770. A glance at the Laws of 1901 discloses their repeal, and discloses that there is no foundation in the record for the constitutional argument so ably presented. (3) As the statute stood at the trial, and stands now,

there was neither need nor reason for the trial court considering the constitutionality of Wyatt's qualifications in the respect of which the motion to quash complained, since no such qualification was required by the statute. On the record here no constitutional question is necessarily involved. If so, then the constitutional provision vesting the courts of appeals with appellate jurisdiction in misdemeanor cases quite uselessly encumbers the books. Kirkwood v. Meramec H. Co., 160 Mo. 118; Woody v. Railroad, 173 Mo. 550; Hilgert v. Paving Co., 173 Mo. 328; Holland v. DePriest, 130 Mo. 89. In order to vest this court with jurisdiction "it must affirmatively appear that the decision is necessary to the determination of the case." Kirkwood v. Meramec Highlands Co., 160 Mo. 118; Kansas City v. Baird, 163 Mo. 198.

FOX, J.—The defendant in this cause was convicted in the Grundy Circuit Court of petit larceny.

The offense of which the defendant was convicted and upon which the judgment in this cause is predicated is a misdemeanor. On the 3d day of February, 1905, the grand jury of Grundy county returned into court an indictment charging defendant with having stolen certain turkeys, the property of one W. O. Garnand. Such property was alleged to be of the value of $17.50.

At the June term, 1905, defendant filed his motion to quash the indictment on the ground that B. F. Hyatt, foreman of the grand jury which returned the indictment in this cause, had been foreman of a grand jury of Grundy county within a period of one year prior to the impaneling of the grand jury that returned the indictment herein. It is alleged in the motion to quash that to put defendant on trial under the indictment would be violative of the fifth, sixth and fourteenth amendments of the Federal Constitution, and sections twelve, twenty-two, twenty-five,

twenty-eight and thirty of article two of the Constitution of Missouri. The motion to quash was by the trial court overruled, and the defendant was put upon his trial, and at the close of the evidence the cause was submitted to the jury and they returned a verdict finding the defendant guilty of petit larceny and assessed his punishment at a fine of ten dollars. Judgment was rendered in accordance with the verdict and from this judgment the defendant prosecuted his appeal to this court upon the ground that a constitutional question was properly raised and involved in this proceeding.

At the very threshold of the consideration of this cause we find that the learned Attorney-General challenges the jurisdiction of this court; hence it is important that we first determine as to whether or not this court has jurisdiction of the appeal in this cause. It is manifest that unless there is a constitutional question involved in this proceeding (it being a judgment of conviction for a misdemeanor) this court is without jurisdiction.

The motion to quash which undertakes to present the constitutional question, is as follows:

"Now comes the defendant and moves the court to quash the indictment herein filed against the defendant in this cause, and for grounds of said motion states the following facts:

"First: Under the law an indictment must be certified, and indorsed by a legal foreman of a legal grand jury.

"No person is a legal grand juror who has served as such in any court of record in the county within the period of one year.

"The indictment herein filed is not certified or indorsed by any legal foreman of the grand jury, for the reason that B. F. Wyatt, who signed this indictment, claiming to be the foreman of the grand jury, was not a legal grand juror, he having been foreman

of a grand jury of Grundy county within the period of one year prior to the impaneling of the grand jury that returned the indictment herein; and the said B. F. Wyatt having been appointed foreman of the grand jury that returned this indictment, such appointment having been made by the court at the suggestion of the prosecuting attorney.

"To put the defendant on trial under the indictment herein filed against him would be violative of article V of the amendments to the Constitution of the United States, in that it would be to deprive the defendant of his liberty without due process of law, and violative of article VI of said amendments, in that it would deny the defendant the right to be informed of the nature and cause of the accusation, and violative of article XIV of the amendments to the Constitution of the United States, in that it would deprive the defendant of his liberty without due process of law, and deny the defendant the equal protection of the laws and would be violative of article II, section 12, of the Constitution of Missouri, in that it denies the defendant the right to be proceeded against by indictment as at common law, if indicted at all; and violative of section 22 of article II, section 25, and section 28, in that it is thereby provided that a grand jury shall consist of twelve men, and a less number of legal grand jurors is not a constitutional grand jury; and is violative of section 30 of article II of the Constitution of Missouri, in that it deprives the defendant of his liberty without due process of law; and all of said constitutional provisions are hereby expressly invoked.

"Second: The defendant further moves the court to quash the indictment herein for the reason that said indictment fails to state sufficient facts to constitute an offense under the laws of the State of Missouri."

It will be observed from the averments in the motion to quash that the contention of appellant that

a constitutional question is involved is predicated solely upon the allegation of disqualification of one of the members of the grand jury, to-wit, B. F. Wyatt. In other words, it is averred that B. F. Wyatt, who was a member of the grand jury that returned the indictment in the case at bar, had been a member of the grand jury of Grundy county within the period of one year prior to the impaneling of the grand jury that returned the indictment in this cause.

The Constitution of this State or the Constitution of the United States does not undertake to designate what shall be the qualifications of either grand or petit jurors. The statute of this State makes full provisions as to the qualifications of both grand and petit jurors, and the qualifications of a grand juror are purely statutory, and so far as this proceeding is concerned, upon that question, it is simply a controversy between the State and the appellant as to the proper construction of the statute which undertakes to provide fully the qualifications of members of the grand jury.

The Courts of Appeals of this State are as fully vested with authority to construe statutes and determine whether or not they have been violated in all causes properly within their jurisdiction as the Supreme Court of this State. In our opinion there is no constitutional question involved in this proceeding. It simply involves the proper construction as well as the force and effect of a statute providing for the qualifications of jurors.

This case is unlike the case of State v. Warner, 165 Mo. 399. In that case the record disclosed that the defendant was in custody and requested that he be permitted to be present at the impaneling of the grand jury which would make the investigation of his case. The court denied the request and it was held by this court, and properly so, that this was a denial of a constitutional right to be present at the impaneling of the

grand jury, for the purpose of affording the defendant an opportunity of making such challenges to the members constituting the inquisitive body as he might deem proper. That is not this case. Here we are confronted with simply a motion to quash an indictment for the reason, as is contended by the appellant, that one of the persons composing the grand jury was disqualified under the provisions of the statute.

The case of Crowley v. United States, 194 U. S. 461, is relied upon by appellant in the case at bar. While that case might furnish authority for the proper construction of the statute which provides for the qualifications of jurors, it has no application and furnishes no support to the proposition that a constitutional question is involved in the proceeding in the case at bar. The indictment in that case was based upon certain provisions of the Revised Statutes of the United States relative to crimes committed by persons employed in the postal service. The indictment was returned to the District Court of the United States for the District of Porto Rico as constituted by the Act of Congress of April 12, 1900, entitled, "An Act temporarily to provide revenues and a civil government for Porto Rico, and for other purposes." It was disclosed by the record that the Legislative Assembly of Porto Rico made provisions for the qualification of jurors. The Supreme Court of the United States took jurisdiction of that case on the ground that an act of Congress was brought in question and certain rights claimed by the defendant thereunder were denied, and not for the reason that any of the provisions of the Federal Constitution were infringed upon.

Our attention is also directed to the case of People v. Romero, 18 Cal. 89. It will be observed that that case involved a similar proposition to the one presented in State v. Warner, 165 Mo. 399. There, as in the Warner case, the defendant, by the trial

court, was denied a constitutional privilege to be present at the impaneling of the grand jury where an opportunity could be afforded to make such challenges to the members of that body as he might deem appropriate. That case furnishes no support to the insistence that a constitutional question is involved in the case at bar.

This cause properly belongs to the Kansas City Court of Appeals. That court is fully vested with full authority to determine the legal controversy between the State and the defendant as to the proper interpretation, as well as the force and effect, of the statute providing for the qualification of jurors. There may be other questions involved upon the proposition now under discussion, such as to whether or not the objections to the incompetency of the juror were, timely, but manifestly all those questions are properly determinable by the Court of Appeals. The appeal should have been granted to the Kansas City Court of Appeals, and for that reason it is ordered that this cause be transferred to that court.

All concur