THE STATE v. WILLIAM CHRISTOPHER, Appellant.—39 S. W. (2d) 1042.

Division Two, June 5, 1931.

*Joseph C. McAtee* for appellant.

*Stratton Shartel*, Attorney-General, and *Walter E. Sloat*, Assistant Attorney-General, for respondent.

FITZSIMMONS, C.—Defendant was charged by indictment in the Circuit Court of St. Louis County with the crime of rape by carnally and unlawfully knowing a female child under the age of sixteen years. The trial court overruled a plea in abatement, and the defendant pleading not guilty, a trial was had. The defendant was found guilty and his punishment was assessed by the jury at two

years' imprisonment in the penitentiary, the lowest penalty allowed by law for the offense.

The case made by the State unfolded a repulsive tale. Defendant's accuser was May Whitwell, who was born April 18, 1914, in one of the lower tier of Missouri counties. She had but turned her fourteenth birthday on August 5, 1928, when the offense charged was committed. Her mother died, and her father, marrying again, moved to a point in St. Louis County near the St. Louis city limits. May worked for a time in the Spring of 1928, in a laundry in St. Louis. Her brother fell sick and she took up his work of selling newspapers at the corner of Jennings Road and Natural Bridge Road in Pine Lawn, St. Louis County, outside the city of St. Louis. This corner was a point at which drivers of motor busses of the St. Louis Public Service Company went on and off duty. There they assembled, and there the defendant, a bus driver and the prosecutrix, selling her newspapers, came to know each other. May's father was a blacksmith, and he retired at eight o'clock in the evening, for he had to be to work at an early hour. May formed the habit of slipping out of her father's house about nine o'clock at night and meeting the defendant, with whom she rode in the public bus, driven by him, until he quit work about midnight. On one such night in May, 1928, defendant, after turning in the bus, took his own automobile from its garage, and went riding with prosecutrix. She testified that, late in the night, he parked the automobile in a lot near her home. Then he lifted her from the front seat of the car to the back seat and there he had sexual intercourse with her. The same thing occurred at the same place on a night in June, and again on the night of August 5, 1928. This last occurrence was the basis of the charge against the defendant. The prosecutrix testified that, on each occasion, she resisted and fought defendant, but to no avail. As the prosecutrix was under sixteen years of age, the crime of rape was committed whether sexual intercourse was had with or without the consent of the prosecutrix and whether with or without the use of force by defendant. The prosecutrix admitted that she had had one such illicit relationship with another bus driver, and in October, 1928, she obtained from the unsuspecting wife of this second man, employment in her house as a nurse. She had run away from home to take up this work. But her father found her and took her to the St. Louis County Juvenile Court sitting at Clayton. To the female probation officer of the court, the prosecutrix told for the first time in October, 1928, of her relations with defendant, in May, June and August of that year. She had not told her father or stepmother. Dr. Walters, Health Commissioner of St. Louis County, examined prosecutrix on October 11, 1928. He found that the hymen had

been ruptured, perhaps a month or six months before the examination. The indictment, trial and conviction followed.

Defendant, a married man, thirty-eight years old, admitted that he had known the prosecutrix and had talked with her as she sold newspapers at the relief corner in Pine Lawn. He testified, too, that she sometimes rode as a regular passenger in his bus. But he denied that she had ridden about with him in the bus at his solicitation, as she had testified. He denied that he ever had taken her automobile riding, and he denied that at any time or place he had had sexual intercourse with the prosecutrix.

I. The principal ground of defendant's motion for a new trial and the sole assignment of error upon appeal is that the trial court erred in overruling defendant's plea in abatement of the charge made by the indictment. The plea in abatement sets forth that the Circuit Court of St. Louis County, Division No. Two, ordered a grand jury to be convened for the September Term, 1928. The order for the grand jury was also an order of appointment of V. H. Dunham as an elisor to draw, select and summon the grand jury, the order reciting that the court and the judge thereof had knowledge and were satisfied from the evidence adduced in causes tried before the court and from other credible sources that both the Sheriff and the Coroner of St. Louis County were not qualified to draw, select or summon the grand jury. The elisor qualified and he summoned as grand jurors for the September Term, 1928, the same twelve men whom he had summoned under like orders of the same division of the court for the May Term, 1928. The indictment upon which defendant was tried was returned by the September Term grand jury. Orders were also made at the May and September terms appointing a special prosecutor to assist the grand juries in investigating certain matters. But these latter orders are not attacked here, although they were assailed by the plea in abatement. Defendant by his plea sets up that the orders of court appointing Mr. Dunham elisor were contrary to law and were void; that his acts in selecting and summoning twelve men as grand jurors were of no legal effect and that all proceedings of the grand jury, including the indictment against defendant, were invalid. The plea makes reference to certain statutes providing for the selection and summoning of grand juries in St. Louis County. Let it be said here that defendant took a change of venue from Division Two, to which the indictment was returned. The case was sent to Division One, where the plea in abatement was filed, heard and overruled and the trial was had.

Section 1845, Revised Statutes 1929, provides:

"Where there is no sheriff or other ministerial officer qualified to act, or where they are interested or prejudiced, the court, or clerk thereof in vacation, may appoint one or more persons to execute its process and perform any other duty of such officer, who shall be entitled to such fees for their services in each cause as are allowed by law to sheriffs in like cases."

In State v. Young, 314 Mo. 612, 626, 286 S. W. 29, this court said with reference to the foregoing section:

"It has long been the settled law of this court that the disqualification of a sheriff under this section is a matter of discretion with the court, and unless there is some showing that the discretion exercised was arbitrary and unjust, the action of the court will not be overruled." [Authorities cited.]

In the instant case the only proof offered by defendant upon the hearing of the plea in abatement was the records of the court showing the appointment of the elisor and the special prosecutor and showing the returns of service of grand jurors by the elisor. To the same effect see State v. Stewart, 274 Mo. 649, 204 S. W. 10, in which the court appointed an elisor to select and summon a petit jury; State v. Jeffries, 210 Mo. 302, 109 S. W. 614, in which the trial court refused to disqualify a sheriff, and State v. Hultz, 106 Mo. 41, 16 S. W. 940, in which the court set aside the sheriff and the coroner of the county and appointed two elisors to summon the jury and to perform all the other duties incumbent upon the sheriff in the trial of the cause.

II. But if it be assumed for the sake of argument that Division No. Two of the Circuit Court of St. Louis County acted without authority of law in appointing the elisor, and that the elisor performed his duties in an illegal manner, those assumptions cannot be made grounds of a plea in abatement of an indictment returned by the grand jury which was convened by the elisor. From 1845 to the present time, it has been the law in this State that the illegal manner of summoning a grand jury is no ground for a plea in abatement to an indictment, nor would it, under the statute, be any ground for a challenge to the array. The statutes, which first appear in the Revised Code of 1845, title "Jurors," are Sections 3514 and 3515, Revised Statutes 1929, and are as follows:

"Any person held to answer a criminal charge may object to the competency of anyone summoned to serve as a grand juror, before he is sworn, on the ground that he is the prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecutor, and has been summoned or bound in a recognizance as such; and if such objection be established, the person so challenged shall be set aside." [Sec. 3514, R. S. 1929.]

"No challenge to the array of grand jurors, or to any person summoned as a grand juror, shall be allowed in any other cases than such as are specified in the last section." [Sec. 3515, R. S. 1929.]

Cases which limit pleas in abatement to the grounds stated in the statutes quoted are: State v. Bleekley, 18 Mo. 428; State v. Welch, 33 Mo. 33; State v. Connell, 49 Mo. 287; State v. Breen, 59 Mo. 413; State v. Knight, 61 Mo. 373; State v. Holcomb, 86 Mo. 371; State v. Griffin, 87 Mo. 608; State v. Williamson, 106 Mo. 162, 17 S. W. 172; State v. Taylor, 171 Mo. 465, 71 S. W. 1005; State v. Miller, 191 Mo. 587, 90 S. W. 767; State v. Crane, 202 Mo. 54, 100 S. W. 422; State v. Sartino, 216 Mo. 408, 115 S. W. 1015; State v. Claybaugh, 220 Mo. 15, 119 S. W. 393; State v. Glasscock, 232 Mo. 278, 134 S. W. 549. And it makes no difference in the case of the defendant that, at the time that the September Term, 1928, grand jury of St. Louis County, was about to be sworn, he was not being held to answer the criminal charge which was not brought against him until October, 1928. In the case of State v. Connell, 49 Mo. 282, l. c. 287, decided in 1872, this court speaking through WAGNER, J., said:

"Under the provisions of this statute this court has decided that the illegal manner of summoning a grand jury is no ground for a plea in abatement, nor would it be any ground for a challenge to the array. [State v. Bleekley, 18 Mo. 428.] And it has been also held that a challenge to a grand juror or to the array must be made before the jurors are sworn, and can only be made for the causes stated in the statute. [State v. Welch, 33 Mo. 33.]

"The objection here is in the nature of a challenge to the array, as it strikes at the entire organization of the jury, and the statute positively forbids the challenge, except in certain specified cases.

"It is insisted by the counsel for the plaintiff in error that this construction of the statute does manifest injustice to the accused, because he was not present and had no opportunity to make his objections or exercise his right to challenge. But he is in the precise condition of every person who is indicted, who has not been previously held upon recognizance to answer a criminal charge."

And in more recent times the court ruled in State v. Washington, 242 Mo. 401, l. c. 408, 146 S. W. 1164:

"These statutes, as construed by this court, preclude the right of an indictee, not held to answer a charge when the grand jury was impaneled, to attack the indictment on the ground of the incompetency of a grand juror, or because of any irregularity in the manner of selecting the grand jury."

Defendant would have us to take judicial notice that in 1928, the Circuit Judge of St. Louis County who made the orders of

court complained of (and who, as said before, was not the judge before whom this case was tried) was a candidate for renomination. He would have us notice also that one of his opponents was the displaced prosecuting attorney. Without in any way imputing bad motives to the judge who appointed the elisor, defendant would have us see in the orders made by this judge an illustration of the terrible consequences that would ensue if judges would be permitted to substitute their will for the statutes. To this it may be answered, first, that the plea in abatement does not allege that the action of the court in disqualifying the sheriff was arbitrary and unjust. The hearing on the plea did not bring out any proof to that effect. And, finally, if the dire forebodings of defendant come to pass, this court will apply a remedy. But, in the present state of the law, the correction will not be made by a ruling sustaining a plea in abatement of an indictment. The assignment of error is ruled against defendant.

III. Defendant, in his motion for a new trial, alleged other errors. But some of them did not set forth in detail and with particularity specific grounds or causes and none of them were prejudicial to the rights of defendant. The court properly instructed the jury in writing upon all questions of law arising in the case which were necessary for the information of the jury in giving their verdict.

Accordingly the sentence and judgment are affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.