STATE v. JAMES THOMAS, Appellant.—No. 38844.—182 S. W. (2d) 534.

Division Two, September 5, 1944.

Rehearing Denied or Motion to Transfer to Banc Overruled, October 9, 1944.

*Freeman L. Martin* for appellant.

*Roy McKittrick, Attorney General,* and *Frank W. Hayes,* Assistant Attorney General, for respondent.

ELLISON, J.—The appellant, a negro 20 years old, was convicted in the circuit court of St. Louis county of forcible rape, a felony under Sec. 4393.[1]  The punishment assessed by the jury was death.  The facts are revolting but are candidly set out in the brief of his counsel, who did not enter the case until after the trial below. Appellant did not testify or offer any evidence except a single record

[1]This and other references to our statutes are to the section numbers in the Revision of 1939, and in Mo., R. S. A., unless otherwise shown.

entry showing he was represented at the trial by attorneys appointed by the court.

The State's evidence was that appellant effected an entrance into the home of the prosecutrix at Wellston after midnight in January, 1943, when she opened the back door to put a bottle of milk outside She was a white married woman 22 years old with a baby four months old, and was employed at a Small Arms Plant on a shift working from 4 p. m. to midnight. She had just returned home. The appellant was masked and armed with a knife. He cut the prosecutrix·on the hand and stomach; took all her money; threatened her and her baby with the knife; and thus accomplished his purpose. Appellant's assignments here complain of error: in the admission of evidence; in the giving and refusal of instructions; and in the overruling of his motion to dismiss the case for want of jurisdiction.

The last is the pivotal assignment. It runs on this theory. The prosecution was based on an information filed by the prosecuting attorney, instead of an indictment returned by a grand jury. Sec. 3892 authorizes that procedure. But Sec. 3893 provides it cannot be employed unless the accused shall first have been accorded the right of preliminary examination before some justice of the peace of the county where the alleged crime was committed, in accordance with other statutes. There is, however, a proviso in the section that such preliminary examination shall not be required if the accused waives it.

The record in this case shows the appellant was offered the right of preliminary examination and that he waived it. But appellant's present counsel contends this ▮▮ preliminary proceeding was void for failure to comply with the governing statutes, in consequence of which the legal situation is the same as if there had been no preliminary hearing at all—thereby clashing with the above requirement of Sec. 3893. It is counsel's further view that the asserted errors in the preliminary proceeding went to jurisdiction over the subject matter, and therefore could not be waived by appellant.

The factual basis for these contentions is that the preliminary proceeding was conducted before one purported justice of the peace of the county, named Erickson, acting for and in behalf of another, named Werremeyer. Counsel argues that the papers and transcript of the preliminary hearing do not adequately show acting justice Erickson was a justice of the peace at all; that, so far as appears from them, he may have been. a mere volunteering private citizen; that proof of his official status could not be made by parol, as was done in the circuit court; and that in any event under our statutes the first justice of the peace could not be substituted for the second, especially to act in the name of the latter. The relevant portions of the affidavit, or verified complaint, at the preliminary hearing and the warrant and justice's

transcript, on which this controversy turns, are shown in the margin.[2] We set out only certain descriptive matter, endorsements and signatures. The substantive part of these papers is not involved.

It will be noticed the papers recite appellant's appearance was before A. H. Werremeyer a Justice of the Peace for Normany Township, St. Louis County, and that in the jurat of the verified complaint' Roy Erickson signs merely as acting for him, without indicating his own official title; whereas in the endorsements and other signatures Erickson is designated as "Justice," or "Justice of the Peace," or "J. P." The State's parol evidence showed Erickson was in fact one of the two duly elected, qualified and acting justices of the peace of Normandy Township, St. Louis County, when the above proceedings were had. And Erickson testified he was requested by Justice Werremeyer to officiate during the period when the preliminary hearing in question was held, because Werremeyer "was in the hospital." But there is nothing in any of these papers reciting any such request.

■ The pertinent provisions of our statutes specifying who shall conduct such preliminary examinations, as pointed out by appellant, are as follows. Sec. 3857 provides a complaint shall be made in writing and upon oath to "any magistrate hereinbefore mentioned." A previous section, Sec. 3791, names justices of the peace, among others, as such magistrates. Sec. 3822 authorizes a change of venue from one of such justices to another, in the county. Sec. 3881 authorizes any magistrate before whom such a proceeding is pending to call in another magistrate of the same county to sit with him, but in case

---

[2]"State of Missouri, ss. Affidavit
County of St. Louis,
Before me, A. H. Werremeyer, Justice of the Peace within and for Normandy Township in the County and State aforesaid, personally came A. H. Piotraschke, who, being duly sworn, etc., . . .
Sworn to and subscribed before me this, the 13th day of January, A. D. 1943. *Roy Erickson, Acting for A. H. Werremeyer, J. P.*"
Endorsed: "Affidavit . . . made before *Justice* Roy Erickson, acting for A. H. Werremeyer, J. P." (Italics ours.)

"State of Missouri, ss. Warrant
County of St. Louis,
Before A. H. Werremeyer, Justice of the Peace, Normandy Township, St. Louis County, Missouri.
The State of Missouri—To the Sheriff, etc.,
Whereas, complaint has been made before me, one of the Justices of the Peace, in and for the County aforesaid, upon the oath, etc., . . . These are, therefore, to command you to take, etc., . . . Given under my hand this 13th day of January, 1943.

Roy Erickson, *J. P.*,
*Justice of the Peace.*
*Acting for A. H. Werremeyer, J. P.*"

Endorsed: "Before *Justice* Roy Erickson, acting for A. H. Werremeyer, Justice of the Peace, Normandy Township, St. Louis County, Missouri— Warrant . . . ." (Italics ours.)

The justice's transcript to the circuit court is captioned and signed in precisely the same way as the warrant next above.

of disagreement between them the decision of the original magistrate shall prevail. Sec. 3893, supra, provides the preliminary hearing must be held before some justice of the peace in the county where the offense is alleged to have been committed. All these sections are in the Code of Criminal Procedure. ■■■ Appellant's counsel contends they are the only statutes applicable to preliminary examinations in felony cases; and that under Sec's 3822 and 3881, supra, the only instance in which one justice of the peace can call in another in such proceedings, is on change of venue, or to sit *with* him, not *for* him. None of these provisions fit the facts of the present case.

On the other hand the State points out that Sec. 3893, supra, requires the proceeding to be before "*some*" (any) justice of the peace in the county; and Sec. 2562 provides that in all townships having two or more justices of the peace, any such justice therein may act for another whenever the latter is "unable to act or dispose of the business pending before him for any cause or reason." Appellant's counsel answers that this section has no application to criminal procedure, because it is not in the Criminal Code. That is true. It is in chapter 11, entitled "Justice Courts—Organization and Procedure;" and appears in article 2, dealing with "Jurisdiction of Justices of the Peace." It was first enacted by Laws 1927, p. 146, the title of the bill being, An Act to Amend Article 2 (then) Chapter 22, by adding a new section—then reciting the substance of the section. The whole chapter and article at that time, as now, dealt with the organization and jurisdiction of justice of the peace courts and civil litigation therein. That was the "business" referred to by the new section Furthermore, it contained a proviso requiring "the incapacitated justice to enter in his docket a request for the other justice to act before such other justice shall take jurisdiction." That was not done in this case. For these reasons we hold appellant is right in contending that Sec. 2562 does not apply.

There is, however, another section in the Criminal Code which apparently has escaped the attention of both parties. It is Sec. 3862, and provides in substance that the person arrested for the offense shall, when no provision is otherwise made, be brought before the magistrate who issued the warrant, or, *if he be absent,* or his office vacant, or he be disqualified, then before the nearest magistrate in such county. Next following, Sec. 3863 provides "the magistrate before whom any such person shall be brought"· (thus seemingly covering all preliminary hearings, whether before the magistrate who had issued the warrant or some other) shall proceed to conduct the preliminary examination. It will be noticed, too, that Sec. 3862 does not call for any record showing that the magistrate who issued the warrant was absent from his office, or that he called in the other justice. And the evidence here shows Justice Erickson was the only other justice in Normandy Township, thereby indicating he was the nearest justice.

We think there are strong reasons for believing this statute was applicable to the case. But since we have not had the benefit of written or oral argument on the question we shall not base our decision thereon, but for the purposes of the case shall assume: (1) that the preliminary hearing before Justice Erickson was void; (2) and that appellant's waiver of preliminary examination before him also was void, or at least ineffectual, because he had no jurisdiction and therefore could not accept it.

But that does not dispose of the whole matter. The appellant not only waived, or attempted to waive, preliminary examination before Justice Erickson. The record brought up from the circuit court further shows that after the prosecuting attorney filed his information, the appellant went to trial without objection, gambled on the verdict, and did not attempt to raise the point now urged until after his conviction, by a motion to dismiss the suit and a motion for new trial, both filed on March 9, 1943 twenty-seven days after the verdict. In the meantime present counsel had entered his appearance in the case on February 19, and obtained a further extension of time within which to file a motion for new trial. In these circumstances it is obvious that appellant cannot complain unless he can establish his contention that the failure to accord him a valid preliminary examination in a magistrate's court deprived the circuit court of jurisdiction over the subject matter of the criminal case; and that appellant could not waive that omission.

We are constrained to hold against this contention. Present counsel raised it in this court en banc by habeas corpus and his view was rejected on May 4, 1943, less than a month after the motion had been overruled by the circuit court. Conceding the justice of the peace court had no jurisdiction, yet when appellant was brought into the circuit court, waived formal arraignment, entered a plea of not guilty, announced ready for trial, and went to ▮ trial, he was before a tribunal which did have jurisdiction both of the subject matter and his person. The circuit court's jurisdiction was not derivative, as it would have been on an *appeal* from a justice of the peace court, the probate court or other lower court. Under the express provisions of Sec. 3891 it had exclusive original jurisdiction to hear and determine the case with the aid of a jury. The preliminary hearing before the justice of the peace was for a wholly different purpose. It was to determine whether a crime had been committed, and whether there was probable cause for charging the accused therewith. If that was found, it was the duty of the justice to bind him over *for* trial, either under recognizance, if the offense was bailable, or by committing him to jail. Sec's 3872, 3873, 3876, 3877, 3893.

Now while it is true that Sec. 3893, supra, provides no prosecuting attorney shall file an information charging any person with a felony until such person shall first have been accorded the right of a preliminary examination, yet that does not mean the circuit court has

no jurisdiction over the subject matter of the cause in the broad and commonly accepted sense.[3] It rather means the court in those circumstances cannot exercise its jurisdiction; or, stated another way, the court conditionally lacks jurisdiction to try the particular case because of the prohibition in the statute, the condition being whether or not the defendant has waived preliminary examination—for the statute also contains the aforesaid proviso that such examination shall not be required if he does waive it. This was explicitly ruled in the case chiefly relied on by respondents, State ex rel. McCutchan v. Cooley, 321 Mo. 786, 793, 12 S. W. (2d) 466, 468, and followed on a more general question by State ex rel. Lambert v. Flynn, 348 Mo. 525, 532(4), 154 S. W. (2d) 52, 57(8). Both these are banc cases.

The statute does not prescribe when, where or in what form the waiver shall be made, so we must look to the decisions and texts on those questions. As to *what* the accused may waive, there are some decisions saying that defects or irregularities in a preliminary examination may be waived.[4] But State v. Nichols, 330 Mo. 114, 124(8), 49 S. W. (2d) 14, 19(8), held the failure to file any written complaint at all was a fatal defect. So, in another case, State v. McKinley, 341 Mo. 1186, 1191(6), 111 S. W. (2d) 115, 118(15) the opinion declared that while defects in an *information* may be waived by the defendant, yet the complete absence of a formal accusation is jurisdictional and cannot be waived. Appellant's counsel seizes on these rulings and contends that since the preliminary proceeding here was utterly void (as we are assuming) therefore appellant could not waive it. But that contention completely overlooks the decisive point. In all the cases cited the defendant had made timely challenge of the proceedings, usually by plea in abatement. Here he did not; and went even further by pleading not guilty and going to trial.

Under a line of cases reaching back to the time when Sec. 3893 was first enacted in 1905, the defendant will waive not only defects in the proceedings but even the complete absence of a preliminary examination, by pleading the general issue and going to trial.[5] This was recognized in the McCutchan case cited in the second preceding paragraph, where there had been no preliminary hearing at all, the opinion carefully pointing out that a preliminary examination had not been waived. The question had been duly presented there by plea

---

[3]Lambus v. Kaiser, 352 Mo. 122, 176 S. W. (2d) 494, 497(6); State v. Pippey, 335 Mo. 121, 122, 126(3), 71 S. W. (2d) 719, 721(5); Buckley v. Hall, 215 Mo. 93, 99, 114 S. W. 954.

[4]State v. McBride (Mo. Div. 2), 12 S. W. (2d) 46, 49; State v. Jack (Mo., Div. 2), 209 S. W. 890, 891(3); State v. Piro (Mo., Div. 2), 246 S. W. 928, 929.

[5]116 A. L. R., pp. 550, 551, Annotation; Lambus v. Kaiser, supra, 352 Mo. 122, 176 S. W. (2d) l. c. 497(8); State v. McKinley, supra, 341 Mo. l. c. 1189(1), 111 S. W. (2d) l. c. 117(3); State v. Pippey, supra, 335 Mo. l. c. 126(2), 71 S. W. (2d) l. c. 721(6); Ex parte McLaughlin, 210 Mo. 657, 662, 108 S. W. 626, 627.

in abatement. The same was true in the Nichols case, cited in the last paragraph. In the McKinley case a motion to quash the information was treated as a plea in abatement. The cases just cited in marginal note 5 further hold that the preliminary examination of itself is not a part of the *trial* of the accused, though it is conditionally an essential antecedent step in the procedure; and that the burden is on the accused to raise the point and make any necessary showing if he would avail himself of it. He may waive the examination either at the preliminary hearing or when called on to plead, but he ■ cannot do so after he has submitted himself to trial. Since Sec. 3893 expressly says he may waive it, he cannot complain on that ground after he has waived it. It is a matter of personal privilege with him. 14 Am. Jur., sec. 242, p. 935; 16 C. J., sec. 565, p. 317; 22 C. J. S., sec. 333, p. 487.

■ Buried in the Argument in appellant's brief, but not presented in his Assignment of Errors, is a charge that the verified complaint at the preliminary proceeding in this case was not made by a person competent to testify; and that the proceeding was therefore void, citing Ex parte Dickinson (Mo. App.), 132 S. W. (2d) 243, 245(2). In that case the party who made the affidavit was the wife of the accused. The decision points out that under the common law she was incompetent as a witness. Sec. 4081 removes that disqualification, but provides she may testify only with the consent of her husband. The verified complaint in this case was made by A. H. Piotraschke, a deputy sheriff. Appellant says he was incompetent because he had no personal knowledge of the rape and all his testimony would be hearsay. Sec. 3792 only requires that the complaint "shall be made in writing, and upon oath." It does not prescribe any testimonial qualifications for the affiant.

State ex inf. McKittrick v. Wymore, 345 Mo. 169, 182(6), 132 S. W. (2d) 979, 987 (16), ruled the statute does not require first hand knowledge of the offense on the part of the affiant, citing State v. Frazier, 339 Mo. 966, 974(2), 98 S. W. (2d) 707, 712(3) and State v. Layton, 332 Mo. 216, 221(3), 58 S. W. (2d) 454, 457(3). These cases hold an unconditional affidavit—not merely one on information and belief—is sufficient; and as appears in marginal note 2 hereof, the verified complaint in this case was of the former character. There are two other over-all reasons why there is no merit in this assignment. First, the affiant Piotraschke was not only a competent witness but could give competent testimony. He was one of the first officers at the scene of the rape, shortly after it was committed. He saw the prosecutrix and her father, saw her clothing and condition, and some of the exhibits, as well. He was also at appellant's home, talked to him and saw the knife. Furthermore he was present when appellant made his statement, and did testify at the trial, though briefly. The second reason is that appellant waived any defects in the complaint

354

when he waived preliminary examination, as was held in the Layton case, supra.

The remaining assignments of error deal with the evidence and instructions. They were ignored in the Argument in appellant's brief, but this is a death case and we shall consider them briefly. The first complains of the admission of appellant's oral confession to the officers because it was involuntary. He made two statements, one oral and one written. Only the former was admitted, this because the latter contained some admissions of other crimes, and the prosecutor thought these would make the whole confession inadmissible.[6] Sheriff Willman testified appellant was advised of his right to refuse to incriminate himself, and that what he said might be used against him. He further declared no promises of immunity were made to appellant and that he was not mistreated in any way.

The oral statement introduced was detailed and incriminating. Appellant was not represented by counsel and was under arrest and in custody at the time. This seems to have been the sole basis for his counsel's objections at the trial. No evidence whatever was offered to impeach the confession, or to show that it was involuntary or obtained through the exercise of improper influences. In the foregoing circumstances there was no error in admitting it in evidence. State v. Pillow (Mo., Div. 2), 169 S. W. (2d) 414, 417(4-5); State v. Richardson, 340 Mo. 680, 686(1), 102 S. W. (2d) 653, 655 (2); and many cases cited in 9 West's Mo. Dig. "Criminal Law," sec. 519(3); and see, 20 Am. Jur., sec. 561, p. 475; 16 C. J., sec. 1473, p. 719, sec. 1477, p. 721; 22 C. J. S., sec. 817 (2, 3), pp. 1432-4.

The next assignment is that the court erred in failing to give an "introduction instruction," stating generally the crime charged and the duty of the jury with respect to their finding and verdict, together with the punishment that might be assessed. Six cases are cited in the brief, the application of which we cannot see. The court gave five instructions for the State. None were offered by the defense.

The instructions given covered all the points mentioned in appellant's assignment, except that none of them preliminarily told the jury the appellant was charged with rape on the body of the prosecutrix. Instruction No. 1 simply said if the jury found from the evidence beyond a reasonable doubt that he did ravish her (stating the facts in more detail) then they should find him guilty of rape as charged in the information, and should "assess his punishment at death or imprisonment in the state penitentiary for a term of not less than two years." Instruction 2 was on the elements of rape, including penetration and utmost resistance. Instruction 3 stated the information was a mere formal charge, and covered the presumption of in-

---

[6]But see: 16 C. J., sec. 1481, p. 723; State v. Mabry, 324 Mo. 239, 247(3), 22 S. W. (2d) 639, 641(6).

nocence and reasonable doubt. Instruction 4 was on the credibility of witnesses, and instruction 5 on the verdict. There is no merit in this assignment that an "introduction instruction" should have been given.

The next assignment is that the main instruction, No. 1, was bad because it did not say in the language of the rape statute, Sec. 4393, that the punishment should be assessed at one or the other of the statutory limits, or between them, "in the discretion of the jury." As shown in the last paragraph, the instruction did say the punishment should be so assessed except that it omitted the quoted phrase. But it necessarily meant that, and the jury assessed the maximum. This criticism obviously, is hypertechnical.

Further, appellant complains of instruction No. 2·on the essentials of rape, saying it is "bad in form and substance." The specific complaint is that it omits the phrase "beyond a reasonable doubt" in two places. It is true that this instruction nowhere used that phrase. But the preceding main instruction did, and instruction 3 on the presumption of innocence not only told the jury that presumption must be overcome by evidence "which establishes his guilt to your satisfaction beyond a reasonable doubt;" but it further said if it had been overcome by the evidence, "and the guilt of the defendant established to a moral certainty and beyond a reasonable doubt," then it would be the duty of the jury to convict. This was certainly enough to inform the jury they could not convict unless they found the appellant guilty of all the elements of the crime beyond a reasonable doubt. It was unnecessary to repeat the latter phrase in every instruction. State v. Graves, 352 Mo. 1102, 82 S. W. (2d) 46; State v. Batson, 339 Mo. 298, 302(3), 96 S. W. (2d) 384, 387(4).

The next assignment challenges instruction No. 4 on the credibility of witnesses, saying vaguely that it is "indefinite, confusing, misleading, and does not state fully the law in that respect." The assignment adds that the instruction "is further vicious in that the Court failed to define 'material fact.'" Counsel has framed and sets out an instruction which he says should have been given, in which the words material fact are defined, as "any fact which tends to prove or disprove the guilt or innocence of the defendant." But no authority is cited. Otherwise the instruction is not much different from the one given except that along toward the end it says, "You are not bound to take as true or believe the statement of a witness merely because he or she has sworn to it."

State v. Davidson, 172 Mo. App. 356, 367-8, 157 S. W. 890, 893(5) holds the term "material facts" is so commonly understood that an attempt to define it would confuse rather than enlighten. The practice of giving such credibility instructions was referred to with some disfavor in State v. Willard, 346 Mo. 773, 784, 142 S. W. (2d) 1046, 1052 (16), and it was suggested that if any at all is given it would

be better to tell the jury if they believed a witness had wilfully sworn falsely on a material issue they might *consider* that fact in weighing the rest of his testimony. But this court has never come to the point of holding such instructions erroneous; and they are rather deeply rooted in our law. The instruction here informed the jury that in the foregoing circumstances they were "at liberty to *reject* all or any portion" of the witness' testimony: it did not say they could *disregard* it. We overrule the assignment.

Finally, the appellant charges in bold type that the court erred in failing to instruct as a part of the law of the case, under Sec. 4070 (4th clause), without a request therefor, that appellant could not be convicted solely on any statement or admission he had made concerning the crime for which he was on trial. He sets out in his motion for new trial and brief, an instruction substantially as above which he says should have been given. But no such request was made at the trial. Evidently counsel has in mind the rule that there cannot be a conviction on the defendant's ▮ confession without accompanying independent proof of the corpus delicti. State v. Hawkins (Mo., Div. 2), 165 S. W. (2d) 644, 646(4); State v. Pillow, supra, 169 S. W. (2d) l. c. 419(9). Where the confession (if challenged) is admitted on substantial evidence that it was voluntary, and such proof of the corpus delicti is presented, a prima facie case is made. State v. Hubbard, 351 Mo. 143, 171 S. W. (2d) 701, 705(8).

It was held in State v. Gibilterra, 342 Mo. 577, 585(2), 116 S. W. (2d) 88, 94(6), that an instruction on the *voluntariness* of the confession need not be given as a part of the law of the case under Sec. 4070(4), supra, without a request; but if one is offered by the defendant in improper form the court should correct it. There was no such offer, or even a request, at the trial of this case and no instruction on voluntariness was given. If the instruction argued for here (on no conviction based on a confession alone) came within Sec. 4070(4), supra, then no request therefor at the trial was necessary, and the point could be preserved in the motion for new trial alone, as counsel has done. State v. Burrell, 298 Mo. 672, 678-9, 252 S. W. 709, 711(1). But we think the instruction was not in that class. And why should the law not be the same on these two kindred questions?

There was abundant proof of the corpus delicti, and convincing evidence that appellant was the perpetrator of the crime: the testimony of the prosecutrix, herself; the physician; the demonstrative evidence, including the woman's clothing and wounds, the appellant's clothing and knife. It was all undenied. In the nature of things the instruction was not called for. To have given it, telling the jury the appellant could not be convicted on his confession alone, would have disparaged the other evidence, as to the corpus delicti and the crime

itself. The instruction now proposed does not require a jury finding on these facts. If it had been offered *at the trial*, possibly under the Gibilterra case, supra, it would have been the duty of the court to recast it in proper form. But it was not an instruction which the court was obliged to give on its own motion under Sec. 4070(4), supra. We must overrule appellant's contention.

There is one last assignment in the brief complaining of the overruling of the assignment in the motion for new trial which charged error in the overruling of appellant's motion to dismiss the case because of the alleged void preliminary hearing. It raises the same questions we discussed at the outset. Plainly there was no error. We find no other reviewable errors. The judgment is affirmed and the sentence ordered executed. All concur. Date of execution set for Friday, October 20, 1944.