STATE of Missouri, Respondent,

v.

Lynn Wayne HESTER, Appellant.

No. 47318.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1960.

Eugene M. Munger, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Calvin K. Hamilton, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

This is an appeal from a conviction and sentence of life imprisonment for murder in the first degree. The facts, as the jury could find them, were established by the testimony of the appellant's accomplice, Joe Lester Slayton, and by the oral and written admissions and confessions of the appellant as testified to by both lay witnesses and police officers, including the appellant's uncle who was a defense witness.

Briefly the facts were that on January 5, 1957, the appellant, Lynn Wayne Hester, then eighteen years old, and Joe Lester Slayton, then seventeen years old, left Chaffee in a stolen automobile looking for filling stations to "hold up." Hester had a .32 caliber revolver stuck in his belt. He had stolen the revolver from his uncle, so he once said. They also carried black masks which they had made from grandmother's black cotton hose. They stopped at a filling station in Grant City but there were too many lights and people and they decided against "holding up" that station and so drove on into Sikeston in Scott County. As they drove down a road, a sort of "lovers' lane," near the railroad tracks they saw a boy, Johnnie Malugen, and a girl, June, parked in an automobile. As they drove past Hester said, " 'Let's go back and take this girl away from her boy friend.' " Joe said, "he might be too big for us and might kick the devil out of us" but Hester answered, " 'If he doesn't get out we will use this and make him get out.' " Hester then drove the stolen automobile down back of the parked automobile, three or four hundred feet, and stopped. Both boys put on their black masks and Slayton waited near their automobile while Hester walked up to the left side of the automobile in which the boy and girl were sitting. Hester opened the left door with the command, " 'get out of that car or I will kill you.' " As Johnnie slammed the car door shut he told June to hand him a knife out of the glove compartment but before she could hand him the knife Hester again opened the door and immediately fired two shots, one of the bullets going through Johnnie's heart. As Hester walked towards Slayton June attempted to drive away but she "stalled" the car and so started running across a cotton field for help. As she ran Slayton caught her and raped her and by the time she was able to find help and return the boys were gone.

Because of the black masks, apparently, June did not know that there was more than one boy and she reported that he was a Negro and so all efforts were directed to finding a colored man, particularly in Sikeston, until more than a year later. Slayton had been sentenced to the reformatory in Boonville for stealing an automobile and from there, in February 1958, because "It was on my mind and I wanted to get it off," he wrote a letter to his mother in which he told her that Hester had shot Johnnie and raped June. After interviewing Slayton the officers arrested Hester at his mother's home in Wellston. He first denied any knowledge of the murder and rape but after having one of Slayton's statements read to him he admitted shooting Johnnie and subsequently made a detailed, written confession which was admitted in evidence without objection.

Upon his trial in June 1958 Hester denied that he was with Joe Slayton on January 5, 1957, denied that he had a gun or that he had stolen either a gun or an automobile, and he denied that he had shot Johnnie Malugen or raped June. He admitted that he had told the sheriff and his deputies that he had shot Johnnie but he said, in effect, that they had told him they had the gun (which was never found) and his fingerprints and that the officers had beaten him with their fists and rolled-up "Life" magazines. He conceded that they had read Slayton's statement to him but "I would tell them I didn't know what they were talking about." He also denied admitting to June that he had shot Johnnie. But, in this connection, the officers denied making any promises or any mistreatment of Hester and, even though his final confession was admitted without objection, the voluntariness of any confession or admission was submitted to the jury and they have resolved that issue against him.

While it was not charged in the information or hypothesized in the main instruction that Hester killed Johnnie while perpetrating or attempting to perpetrate rape, robbery or any other offense set

forth in the statute defining murder (V.A. M.S. Sec. 559.010), the detailed facts and circumstances, if found and accepted by the jury as they were, nevertheless constitute murder in the first degree and compel the infliction of the minimum punishment of life imprisonment. V.A.M.S. Sec. 559.030; State v. Lucas, 316 Mo. 904, 912, 292 S.W. 714, 716; State v. Thomas, Mo., 180 S.W. 869. In the appellant's motion for a new trial there are seven assignments of error and this view of the record, that from it the jury could find the appellant guilty of murder in the first degree, disposes of all claims challenging the sufficiency of the evidence. The infliction of the mandatory minimum punishment does not, of course, demonstrate passion and prejudice on the part of the jury and his assignment to that effect, and that the verdict is contrary to the instructions and against the law and the evidence are meaningless and so lacking in detailed particularity or demonstration as to not be reviewable in this court. State v. Hernandez, Mo., 325 S.W.2d 494; State v. Morris, Mo., 248 S.W.2d 847; State v. Copeland, 335 Mo. 140, 71 S.W.2d 746. And in connection with the assignments of error, there was no request for an instruction on the credibility of the witnesses, it was not a subject upon which the court was in any event bound to instruct the jury (V.A.M.S. Sec. 546.070(4)) and the consequence is that the appellant may not complain of the court's failure to give such an instruction. State v. Drake, Mo., 298 S.W.2d 374, 377.

■■ The information upon which the appellant was tried appropriately and in approved form charged him with the offense of murder in the first degree. V.A. M.S. Sec. 559.010; State v. Kenyon, 343 Mo. 1168, 1178–1179, 126 S.W.2d 245, 250–251. The appellant's motion to dismiss and his assignment in his motion for a new trial are not directed to any insufficiency in the information but rather are directed to the claim that he was not accorded the preliminary examination contemplated by the statutes and the rules of this court. V.A.M.S. Secs. 544.250–544.470; Supreme Court Rule 23.02, 42 V.A.M.S. It is not claimed that he was not given a preliminary hearing at all, his own proof shows that he was given a hearing, that the magistrate found that a crime had been committed and that there was probable cause to believe that the appellant was guilty of the crime. State v. Ancell, 333 Mo. 26, 62 S.W.2d 443. His specific complaint is that the preliminary hearing was "a farce and there was no competent proof" on the part of the state from which the magistrate could have found probable cause because the only evidence offered was hearsay and incompetent for any purpose. This contention overlooks the fundamental purpose of a preliminary hearing and the function of the magistrate in conducting the hearing. It is not necessary to go into the purpose of the hearing, it is sufficient to say that the magistrate is the sole judge of the sufficiency of the evidence as to the facts of a crime having been committed and of probable cause. State v. Jeffries, 210 Mo. 302, 109 S.W. 614. The appellant introduced the record of his preliminary hearing in evidence and while there was but a single witness, the sheriff, he was examined and cross-examined at length by defendant's counsel and even though the proof may have been scanty in some respects it was indeed sufficient to show that a crime had been committed and not that the defendant was guilty or innocent but that "there is probable cause to believe the prisoner guilty thereof." V.A.M.S. Sec. 544.420; State v. Nolan, Mo., 316 S.W.2d 630. In any event, the objections raised here would not deprive the circuit court of jurisdiction of the principal cause and its trial; the circuit court's jurisdiction is not derivative. State v. Thomas, 353 Mo. 345, 182 S.W.2d 534; State v. Ferguson, 278 Mo. 119, 212 S.W. 339.

The appellant was represented by counsel, he was present throughout the trial and when sentenced (V.A.M.S. Secs. 546.-550, 546.560), there was allocution (V.A.M.

S. Sec. 546.570), and upon the record before the court (V.A.M.S. Sec. 547.270) there is no error and the judgment is therefore affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.