STATE of Missouri, Respondent,

v.

Gordon Lee COOPER, Appellant.

No. 48320.

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Motion for Consideration and Supplemental Motion for Consideration by Court en Banc Denied March 13, 1961.

Gordon Lee Cooper, pro se.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

Defendant has appealed from an order of the Circuit Court of Butler County dismissing his motion filed under the provisions of S.Ct. Rule 27.26, V.A.M.R., to vacate a sentence of life imprisonment imposed upon him in said court upon his plea of guilty to the crime of robbery in the first degree by means of a deadly and dangerous weapon.

We have before us a duly certified and approved transcript of the record and pro-

ceedings culminating in the judgment and sentence against which defendant's motion to vacate is directed and the proceedings and judgment denying the instant motion to vacate. Defendant has also filed, *pro se,* a so-called "statement, abstract of the record, brief and argument" and numerous other *pro se* compositions. He was also permitted personally to appear and orally argue the merits of his appeal.

By information filed in the Circuit Court of Butler County on June 16, 1953, defendant, then 32 years of age, was charged in due form with robbery in the first degree of one Leonard Landreth by means of a dangerous and deadly weapon, as that crime is defined in Section 560.120 and the penalty therefor is fixed by Section 560.-135 RSMo 1949, V.A.M.S.[1] On the same day, the trial judge, in open court, informed defendant of his right to counsel and explained wherein the exercise of that right might be of benefit to him and, after interrogation of defendant, found that he was mentally able and sufficiently informed to decide his need for counsel, and appointed two members of the Butler County Bar as his counsel. See S.Ct. Rule 29.01, V.A.M.R.

Thereafter, on July 6, 1953, the defendant, with both of his court appointed counsel, appeared in open court, at which time, upon inquiry from the court, defendant stated that he had had opportunity to talk to and advise with his court appointed counsel and had done so. The court thereupon explained in detail to defendant the precise nature of the charge set forth in the information and asked defendant: "What plea do you want to make, guilty or not guilty?" Defendant personally replied, "I plead guilty." The prosecuting attorney was then asked if he cared to make a statement, whereupon he replied: "Your Honor, at the time this offense or occurrence happened, this defendant was being held here for safe keeping for Stoddard County, Missouri. Leonard Land-

reth, the jailer, went to the jail to feed the prisoners and this defendant and another * * *, who was confined in jail at the time, jumped on Deputy Sheriff Landreth and beat him up severely, necessitating several days in the hospital. At the time they beat him up, they took the jail house keys and One Hundred and Sixty Dollars, somewhere in the neighborhood of One Hundred and Sixty Dollars in cash off of Mr. Landreth. This defendant and his accomplice attempted to escape down the elevator shaft. The accomplice fell and broke his leg and the defendant here made good his escape and was apprehended by the F. B. I. in St. Louis on the warrant issued by the District Attorney charging him with unlawful flight to escape prosecution. This defendant has a record of several felony convictions prior to this one. * * * In view of his past record and the seriousness of the crime with which he is charged, the State recommends a life sentence in the Missouri State Penitentiary. I have also been advised by the Federal authorities and the State authorities from Stoddard County, that there are other charges pending against this man, and they have placed a hold order with the Sheriff of Butler County, to be placed with the warden of the penitentiary."

The court then stated to counsel for defendant: "* * *, you have had an opportunity to talk to this man about his case, have you not?"; to which inquiry one of them replied: "We had several conferences with the defendant. It appears that his talents and energies have been misdirected on several occasions. In view of his past record and the present charges pending against him, as his attorneys, we have recommended that he take this step in pleading guilty before the Court at this time, upon his advice that he is guilty of this charge."

The court asked defendant: "Well, of course, you did commit the crime in ques-

---

'tion here, did you not?" To which defendant replied: "Yes, sir."

The following proceedings next appear:

"The Court: Punishment will be fixed at imprisonment in the Missouri State Penitentiary for the remainder of defendant's natural life. Mr. Cooper, you have entered a plea of guilty to this charge, and the punishment has been fixed for the remainder of your natural life, which means a life sentence. Is there any reason at this time why sentence and judgment should not be passed upon you?

"Gordon Lee Cooper: No, your Honor.

\* \* \* \* \* \*

"The court: The record can show sentence and judgment fixed upon the plea of guilty, at imprisonment in the Missouri State Penitentiary for the remainder of the defendant's natural life, where he will be taken by the Sheriff of this County, and delivered to the Warden of that institution there to serve his sentence in accordance with the judgment and sentence of this Court, or until otherwise released by law. \* \* \*"

The record shows entry of formal judgment reciting the essentials of the foregoing proceedings and the imposition of sentence as announced by the court. Defendant was accordingly committed to the State Penitentiary in conformity with the above judgment.

On the ——— day of February, 1960, defendant filed the instant motion to vacate the judgment here under consideration, together with a copy of the information and a warrant issued by the magistrate of Butler County for the arrest of defendant. The motion is quite lengthy. It is entitled "Defendant's motion to quash the information and set aside the judgment and sentence." In substance, two contentions are presented:

(1) The information is void and unlawful in that it charges defendant with a capital offense contrary to the Fifth Amendment to the Constitution of the United States providing: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," etc.

(2) The judgment herein sought to be vacated is void for the reason that the circuit court "did not have, and could not assume jurisdiction by the Information herein, according to the laws of the State of Missouri, and for the reason that by its unlawful usurpation of jurisdiction herein, movant was and has been denied the right to due process of law, and the equal protection of the law as they are guaranteed in the Missouri and the United States Constitutions."

On February 26, 1960, the trial court, after having seen the motion and being fully advised in the premises, overruled the motion to quash the information and the motion to set aside the judgment thereon "because the files and records of this cause show to the satisfaction of the court that the prisoner Gordon Lee Cooper is entitled to no relief."

■■■ The contention that the portion of the Fifth Amendment of the Federal Constitution pleaded by defendant in bar of prosecution of him by the State of Missouri by an information instead of indictment for the offense of robbery is without merit. Article I, § 17, of the 1945 Constitution of Missouri, V.A.M.S. (in substance § 12, Article II, of the Constitution of 1875, as amended in 1900) provides: "That no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies, \* \* \*." The Fifth Amendment of the Constitution of the United States is a limitation only upon the powers granted to the government of the United States and constitutes no such limitation upon the governments of the several

states. The provision of our State Constitution authorizing criminal prosecution of persons duly charged under the laws and in the courts of this State with felony by either indictment *or information* is not violative of the due process and equal protection of the laws clauses of the Federal Constitution, Amend. 14. Hurtado v. People of State of California, 110 U.S. 516, 538, 4 S.Ct. 111, 28 L.Ed. 232; State v. Jones, 168 Mo. 398, 68 S.W. 566, 567; Lyle v. Eidson, 8 Cir., 182 F.2d 344, 345, certiorari denied 340 U.S. 837, 71 S.Ct. 22, 95 L.Ed. 614.

Defendant's next contention is that he was denied due process of law by reason of the dismissal of his motion to quash the information and to set aside the judgment without being afforded the right to appear and prove the allegations therein contained. S.Ct. Rule 27.26 provides that when such a motion is filed notice shall be served on the prosecuting attorney and a prompt hearing granted "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief." The order of the court above set forth reflects that the court, upon examination of the petition and the files and records, found that defendant was not entitled to any relief. We, therefore, consider the contentions made by defendant to determine whether the court erred in that finding.

■■ Defendant insists that he was unlawfully deprived of a preliminary examination. S.Ct. Rule 23.02, V.A.M.R., provides that: "No information charging the commission of a felony shall be filed against any person unless the accused shall first have been accorded the right of a preliminary examination before a magistrate in the county where the offense is alleged to have been committed. The accused may waive a preliminary examination after consultation, or after being accorded the right of consultation, with his counsel. A record entry of such waiver shall be made

and the magistrate shall hold the accused to answer in the court having jurisdiction of the offense of which he stands accused. * * *." The law is also well settled that if an information charging commission of a felony is filed in the circuit court and the defendant, after consultation or after being accorded the right of consultation with counsel, pleads the general issue and goes to trial without calling the matter of want of preliminary examination to the attention of the court, he is held to have waived the right thereto. State v. Thomas, 353 Mo. 345, 182 S.W.2d 534, 538 [3]; State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 319 [4, 5]; State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, 302; State v. Smart, Mo., 328 S.W.2d 569, 576. Such a waiver likewise occurs when a plea of guilty is entered under the same circumstances. Tucker v. Kaiser, Mo., 176 S.W.2d 622. The record in this case speaks for itself. Waiver of preliminary examination is clearly shown.

■ Defendant's final contention is that jurisdiction of this case was vested in the magistrate court, to the exclusion of the circuit court. That argument stems from a document filed on June 16, 1955, in the office of the Circuit Clerk of Butler County and forwarded to this court, apparently at the request of defendant. It is a certified copy of a warrant for the arrest of defendant to answer the charge of which he was here convicted. It was issued by "Francis M. Kinder, Magistrate Judge, Butler County, Missouri," on the 3rd day of June, 1952. No return whatever appears thereon. (The statement made by the prosecuting attorney at the time defendant was arraigned and pleaded guilty shows that his arrest was made by the F. B. I. in St. Louis pursuant to a Federal warrant.) The warrant issued by the Butler County magistrate consists of a filled-in printed form of warrant bearing the heading, "State Warrant on Information Before Magistrate Judge." Obviously, it is a form printed by a commercial printer for the

use of magistrate courts in misdemeanor cases. According to its recitals, the prosecuting attorney of Butler County had on June 3, 1952, filed an *information* (complaint?) charging commission by defendant of said charge, whereupon, as the warrant recites, the magistrate commands the sheriff to apprehend defendant for the crime therein described, to wit: the crime charged in the information to which defendant pleaded guilty.

It is defendant's insistence, as we understand it, that, inasmuch as at the time of the filing of the information in the circuit court to which he pleaded guilty, there was "a cause involving the identical charge" pending in the magistrate court of Judge Kinder which continued to be "undisposed of until June of 1955, the Circuit Court of Butler County had no jurisdiction of the case." The contention is, of course, not tenable. Article V, § 14, of the Constitution of Missouri vests the circuit courts with exclusive jurisdiction of all criminal cases not otherwise provided by law. Section 543.010 of the revised statutes gives magistrate courts concurrent jurisdiction with the circuit courts, coextensive with their respective counties in all cases of misdemeanors, but magistrate courts are given no jurisdiction in felony cases other than the preliminary proceedings prescribed by Chapter 544 of said statutes for the apprehension, admission to bail, preliminary examination and discharge, commitment or binding over of persons to answer any charge of felony predicated upon such proper information as may be filed by the prosecuting attorney in the circuit court. In no event could the magistrate court of Butler County oust or supercede the circuit court of its original and exclusive jurisdiction of the merits of the cause pleaded in the information to which defendant pleaded guilty in the circuit court. State v. Hester, Mo., 331 S.W.2d 535, 537.

The trial court did not err in finding and adjudging from examination of the files and records in the case that defendant was entitled to no relief. State v. Warren, Mo., 321 S.W.2d 705, 708 [2].

The judgment is affirmed.

All concur.