**STATE of Missouri, Appellant,**

v.

**Eddie CROUCH, Respondent.**

**STATE of Missouri, Appellant,**

v.

**Clyde W. JENKINS, Respondent.**

Nos. 48837, 48838.

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1962.

Thomas F. Eagleton, Atty. Gen., William L. Hungate, Sp. Asst. Atty. Gen., for appellant.

John R. Martin, Joplin, for respondents.

STORCKMAN, Judge.

These two cases are prosecutions for the possession of burglary tools contrary to the provisions of Section 560.115 RSMo 1959, V.A.M.S. On defendants' motions, the circuit court quashed the information filed in each case and discharged the defendants. The state appealed and has filed a brief in this court, but there is no brief on behalf of the defendants. On motion of the state, the appeals were consolidated. Since the cases are identical, a reference to a pleading or proceeding in one of the cases will include and apply as well to the other. The essential question is the sufficiency of the informations filed in the circuit court and the propriety of the ruling quashing them and discharging the defendants.

Motions to quash have been abolished by S.Ct. Rule 25.05, V.A.M.R., but a motion so designated may be treated as a motion to dismiss. S.Ct. Rule 25.06; State v. Atkinson, Mo., 285 S.W.2d 563, 566[2]. Since the information was adjudged insufficient on a motion prior to judgment, the state is entitled to appeal. Sections 547.200 and 547.210; S.Ct. Rule 28.04.

On November 2, 1960, separate complaints were filed in the magistrate court of Jasper County charging each of the defendants with the crime of possession of burglary tools. The defendants waived formal arraignment and requested a preliminary hearing. Both were enlarged on bond. Thereafter amended complaints were filed to which the defendants filed separate motions to suppress the testimony of the four persons named for the reasons that the property in question was obtained from an automobile without a warrant and by an unlawful search and seizure. Thereafter the motion to suppress was taken up and "sustained as to all items listed except two (2) Pistols and a rubber face mask." On December 5, 1960, second amended complaints were filed which listed additional items alleged to be burglary tools. The defendants again requested a preliminary

examination. An entry in the transcript recites that on December 15, 1960, the magistrate sustained the motions to suppress "to same extent as to the second amended Complaint." The preliminary examination was set for hearing on December 28, 1960, at which time the defendants waived preliminary hearings and were: "Bound over to trial in Circuit Court of Jasper County."

A transcript of proceedings in the magistrate court was filed in the circuit court on December 30, 1960, and on the same date informations were filed in the circuit court. The informations followed substantially the language of the second amended complaint filed in the magistrate court. On April 10, 1961, the defendants filed motions to quash the informations alleging that the judge of the magistrate court had sustained their motions to suppress "all of the items listed in said information except rifles, pistols and rubber face mask, which items, do not constitute burglary tools, and therefore said information does not state a cause of action for which defendant can be prosecuted." On April 18, 1961, the circuit court sustained the defendants' motions, quashed the indictments and discharged the defendants. The state appealed from this judgment of the circuit court.

For a better understanding of their contents, the information, the motion to quash, and the motion to suppress will be set out in full. The second amended complaint is omitted because it is not directly involved, but in substance it is the same as the information. The information filed in the circuit court, the validity of which is in issue on this appeal, is as follows:

"Stewart E. Tatum, Assistant Prosecuting Attorney within and for the County of Jasper, in the State of Missouri, upon his oath, informs the Court and charges that on or about the 1st day of November, 1960, in the County of Jasper and State of Missouri, Clyde W. Jenkins did wilfully, unlawfully and feloniously have in his custody and concealed about his person, rifles, pistols, rubber false faces, one sledge hammer, two screw drivers, one saw, two flash lights, one canvas tool bag, one pair crepe-sole tennis shoes, one pair gloves, one pair grip pliers, one brace, one large wrecking bar, two gas masks, one road map, seven punches, one wood bit, two small wrecking bars, two face masks, one pair dress shoes and one pair coveralls, said instruments being then and there material, implements and mechanical devices, adapted, designed and commonly used for breaking into a warehouse, store, shop, office, dwelling house, door, shutter or window of a building, or any vault or safe, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

The motion on which the information was quashed reads as follows:

"Comes now the Defendant in the above entitled cause, and moves the Court to quash the information filed herein for the reason that the Honorable Enos Curry has heretofore sustained a motion to suppress all of the items listed in said information except rifles, pistols and rubber face mask, which items, do not constitute burglary tools, and therefore said information does not state a cause of action for which defendant can be prosecuted.

"WHEREFORE defendant prays the Court to quash this information."

The judge alleged to have sustained the motion to suppress is a magistrate of Jasper County, but that fact does not appear from the transcript. The motion to suppress filed in the magistrate court is as follows:

"Comes now the defendant and moves the Court to suppress any and all testimony of Walter Flemmer, Jim Miller, John Showers and Gene Eichelberger in regard to any property obtained from a 1957 Oldsmobile on or

about November 2, 1960, for the following reasons:

"1. That the search and seizure were made without warrant and without other lawful authority;

"2. That said property was obtained by an unlawful search and seizure and in violation of the rights of the defendant under Section Fifteen of Article One of the Constitution of Missouri and Amendment Fourteen of the Constitution of the United States.

"WHEREFORE, defendant moves the Court to suppress said testimony."

In challenging the sufficiency of the information, it is apparent that the defendants place some reliance on the fact that their motions to suppress had been sustained in the magistrate court.

■ S.Ct. Rule 23.02 and § 544.250 provide that no information charging the commission of a felony shall be filed against any person unless the accused shall first have been accorded the right of a preliminary examination before a magistrate in the county where the offense is alleged to have been committed. The accused may waive the preliminary hearing as was done in this case. If upon preliminary examination it appears that a felony has been committed and that there is probable cause to believe the accused guilty, the magistrate shall hold him to answer in the court having jurisdiction of the offense. S.Ct. Rule 23.-08; §§ 544.410 and 544.420, RSMo 1959, V.A.M.S.

■■ The waiver of a preliminary examination is the same in legal effect as if a preliminary examination had been held and a finding made by the magistrate that a felony had been committed and that there was probable cause to believe that the accused was the offender. S.Ct. Rule 23.02; State v. Thomas, 353 Mo. 345, 182 S.W.2d 534, 538–539[3]; State v. Layton, 332 Mo. 216, 58 S.W.2d 454, 457[4]; State v. Gartland, 304 Mo. 87, 263 S.W. 165, 168[1];

State v. Jack, Mo., 209 S.W. 890[2]; 22 C.J.S. Criminal Law § 333b, p. 856. In this state of the record the defendant was properly required to appear in the circuit court and the prosecuting attorney was entitled to file the information.

■ A preliminary examination before a magistrate is in no sense a trial but is simply a course of procedure designed to prevent a possible abuse of power by the prosecution. Lambus v. Kaiser, 352 Mo. 122, 176 S.W.2d 494, 497[6]; State v. McKinley, 341 Mo. 1186, 111 S.W.2d 115, 117[1]; 22 C.J.S. Criminal Law § 331, p. 842. In conducting a preliminary examination, the magistrate does not act in a capacity of a court and his conclusion is in no sense a judgment determinative of the guilt or innocence of the accused. State v. Ancell, 333 Mo. 26, 62 S.W.2d 443, 447[8]; State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 319[3].

■ Generally speaking, the proceedings before the examining magistrate are not a part of the record subsequent to the filing of the information in the circuit court and cannot be properly incorporated therein without being proved. State v. McKinley, 341 Mo. 1186, 111 S.W.2d 115, 117[5]; State v. Langford, 293 Mo. 436, 240 S.W. 167, 168[3]. The record is quite meager as to what effect was given to the motion to suppress filed in the magistrate court. It is drawn on the theory that the property was obtained by an unlawful search and seizure but appears to have been considered by the magistrate as a determination of what if any of the items in the information constituted burglar tools. S. Ct. Rule 33.03, among other things, provides that the judge shall receive evidence on any issue of fact necessary to the decision of a motion to suppress and that the property seized shall be returned only if it is not of such a nature that its possession would constitute a criminal offense under the laws of the state. But how the motion to suppress was treated is of no consequence in the view we take of the case.

The jurisdiction of the circuit courts to try felony cases is not derivative, but is original and exclusive. Sections 541.020 and 545.010; State v. Hester, Mo., 331 S.W.2d 535, 537[5]. It follows that the circuit court in the trial of a felony case is not bound by a magistrate's rulings on the admissibility of evidence or motions with respect thereto. State v. Hester, Mo., 331 S.W.2d 535, 537[5]. Since the prosecutor was authorized to file the information, the circuit court had jurisdiction "to try the particular case" (State v. Thomas, 353 Mo. 345, 182 S.W.2d 534, 538), and the question before us is purely the sufficiency of the information without regard to the rulings of the magistrate court on the defendant's motion.

Section 560.115 makes it a felony for any person to possess tools "adapted, designed, or commonly used for breaking into" various structures named, and the statute specifically designates some of such tools. The information follows the form of the statute and this is generally deemed sufficient to charge an offense. State v. Anderson, Mo., 232 S.W.2d 909, 911[1]; State v. Oertel, 280 Mo. 129, 217 S.W. 64, 66[1].

The defendant is mistaken in his insistence that none of the items mentioned in the information can be classified as burglar tools within the meaning of the statute. The information specifically mentions several wrecking bars. A wrecking bar is for all practical purposes the same as a crowbar or a jimmy. See Webster's Third New International Dictionary, Unabridged. A jimmy is one of the tools specifically banned by § 560.115, and a crowbar or pinch bar has been held to be a burglar's tool within the meaning of the statute. State v. Lorts, Mo., 269 S.W.2d 88, 91[2]; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 944[10], 103 A.L.R. 1301. Two screw drivers are listed in the information, and it is held in State v. Lorts that a screw driver, as well as a crowbar, may be possessed with an intent that constitutes them burglar's tools. In addition to these items, the information lists one pair of grip pliers, a brace and a bit and seven punches. The definition of pliers is similar to that of nippers mentioned in the statute. The brace and bit and the punches are the equivalent of items specifically designated by the statute.

While such tools may be used in a lawful way, the intent with which the defendants possessed them is an essential element and such intent may be shown by independent evidence. See State v. Lorts, Mo., 269 S.W.2d 88, 91–92; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 943–944; and State v. Oertel, 280 Mo. 129, 217 S.W. 64, 66–67[4].

We need not undertake to determine if all of the objects specified can be classed as burglar tools. The fact that some of the property listed in the information may not be burglar tools within the statutory meaning does not render the information defective. State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 944[10]. Further, it appears that other paraphernalia mentioned in the information may be taken into consideration as tending to show the intent with which the defendants possessed the breaking tools. Tools, like people, may sometimes be known by the company they keep. Breaking tools in a carpenter's tool chest with other carpenter tools and carried by a carpenter would not be likely to excite suspicion. See State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 943–944. This is a matter of evidence which is not now before us. In any event the inclusion of extraneous articles would not invalidate the information.

The information is sufficient to charge the offense of possession of burglary tools within the meaning of Section 560.115, RSMo 1959, V.A.M.S., and the court erred in sustaining the motion to quash.

The judgments are reversed and the causes remanded.

All of the Judges concur.