**L. T. BLANCHARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 35069.**

Missouri Court of Appeals,
St. Louis District.

Dec. 18, 1973.

Kero Spiroff, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Cir. Atty., J. Paul Allred, Jr., Asst. Cir. Atty., St. Louis, for respondent.

CLEMENS, Judge.

Movant (defendant) appeals from the denial of post-conviction relief sought pursuant to Rule 27.26, V.A.M.R.

Defendant had pled guilty to rape, felonious assault and two counts of first-degree armed robbery. He was sentenced to four concurrent terms of ten years confinement. At his guilty-plea hearing with counsel present, the trial court interrogated defendant in accordance with Rule 25.04. Defendant acknowledged he understood his rights to trial by jury, to confrontation of witnesses and waiver of self-incrimination; admitted no promises or threats had been made and admitted that he understood the range of possible punishment. Counsel for the state related the pertinent facts of each case, defendant acknowledged each to be true, said he understood each charge and was pleading guilty freely and voluntarily. Defendant now says he lied when answering the court's questions because he thought those answers were required by the "deal" being made by his counsel.

The thrust of defendant's testimony at his 27.26 hearing was that his retained counsel promised if he pleaded guilty he would be sentenced to ten years imprisonment but would be paroled. Trial counsel with over 20 years experience specializing in felony defense, testified he told defendant of the possible punishment at the hands of a jury and recommended defendant plead guilty if the state would recommend ten years, which it eventually did. Counsel told defendant he might be paroled after serving five or six years but had no chance of probation. Nevertheless, after sentence was imposed, defense counsel, "having nothing to lose," applied for a pre-sentence investigation but the report recommended probation be denied and it was.

The grounds urged by defendant turn on his credibility at the evidentiary hearing. The trial court must assess the credibility of the witnesses before it. Crosswhite v. State, 426 S.W.2d 67 (Mo. 1968). The trial court here had the right to reject defendant's testimony even if no contrary testimony had been offered, since he was obviously interested in the proceedings. Skaggs v. State, 476 S.W.2d 524 (Mo.1972). The state's evidence, which the trial court had the right to accept, fully refuted defendant's contentions. Other points briefed by defendant are not developed in argument and are without merit.

The denial of defendant's motion was not clearly erroneous and we affirm the judgment denying relief.

Defendant's 27.26 motion was drafted and filed pro se. Thereafter the trial court appointed Mr. Kero Spiroff to represent defendant. Mr. Spiroff conducted the evidentiary hearing, appealed and briefed the case here. He has now filed in this court a motion for an attorney's fee. Under Section 12, Subsection 1 of H.B. 1314, effective August 13, 1972, such an allowance lies within the jurisdiction of the trial court. Accordingly, we deny the motion, without prejudice.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.