**Gordon Lee COOPER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9376.**

Missouri Court of Appeals,
Springfield District.

March 6, 1975.

tence under Rule 27.26, V.A.M.R. From a denial of that motion by the trial court, appellant unsuccessfully appealed to the Supreme Court of Missouri. State v. Cooper, 344 S.W.2d 72 (Mo.), cert. denied, 368 U. S. 855, 82 S.Ct. 91, 7 L.Ed.2d 52 (1961).

Despite the earlier denial of his 27.26 motion, he filed another such motion on September 9, 1971. He now appeals from the denial, after evidentiary hearing, of this last motion. We affirm the trial court.

Appellant contends that his sentence should be vacated because he was not afforded a preliminary hearing and because his plea of guilty was not voluntarily and understandingly made when entered.

■ There is no merit in appellant's first contention. This issue was raised and decided adverse to appellant in his former 27.26 motion, and he may not again raise the issue. State v. Cooper, supra; Rule 27.26(d). In addition, the fact that he entered plea of guilty after consulting with his attorneys and without complaining of the lack of a preliminary hearing constitutes a waiver of his right thereto. State v. Cooper, supra; State v. Gee, 408 S.W. 2d 1 (Mo.1966). Also, under disputed evidence the trial court found that the appellant waived his preliminary hearing, and this finding cannot be said to be clearly erroneous.

■ It is true that in the criminal proceedings appellant did not have the benefit of counsel until he reached the Circuit Court where two attorneys were appointed to represent him. This occurred in 1953 which was seventeen years before Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), was decided. Neither *Coleman* nor amended Rule 23.03 (effective July 1, 1971) are to be retroactively applied. Hendrix v. State, 495 S.W.2d 457 (Mo.App.1973). Appellant made no effort to demonstrate at his evidentiary hearing in what manner, if any, he was prejudiced by either the lack of a preliminary hearing

Ted M. Henson, Jr., Poplar Bluff, for movant-appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

FLAKE L. McHANEY, Special Judge.

On July 6, 1953, the appellant, Gordon Lee Cooper, pled guilty to a charge of armed robbery in the Circuit Court of Butler County, Missouri, and was sentenced to imprisonment for life. In February, 1960, appellant filed a motion to vacate his sen-

or absence of counsel at that stage of the proceedings. Therefore, any suggestion of retroactive application contained in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972) would not apply here. Such prejudice cannot be presumed.

As to appellant's second point, he contends his guilty plea was involuntary because it was coerced by: (1) uncomfortable conditions of the jail where appellant was confined from June 12, 1953, until his plea of guilty on July 6, 1953; (2) the failure of his court-appointed attorneys to take a change of venue from Butler County even though requested to do so; (3) being unexpectedly taken before the Circuit Court for the purpose of pleading guilty without being given an opportunity to confer with his family, friends and attorneys; (4) being told by his attorneys that he would receive the death penalty if he did not plead guilty but would only receive a twenty to twenty-five year sentence if he did plead guilty.

Appellant did not raise the voluntariness of his plea in his prior 27.26 motion. In that proceeding appellant represented himself both in the trial court and the appellate court. Rule 27.26(d) provides: "The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner . . . where the ground presented is new but *could have been* raised in the prior motion . . ." (emphasis added)

The purpose of the rule is to prevent successive motions on grounds which were known at the time the first motion was filed. Rule 27.26(c) requires that "every ground known to the prisoner" shall be included in the motion. Appellant has made no effort to demonstrate that these grounds were not known to him or could not have been raised in his prior motion. This was his burden. For this reason alone, appellant cannot raise this issue in his present motion. Even though the sentencing court elected to hear this evidence in the second motion, this court is not required to review it.

However, despite the admonition of Rule 27.26(d) the trial court conducted an evidentiary hearing and under disputed evidence found that the plea of guilty was voluntarily entered. The trial court was not required to believe the movant, and relief may be denied even if there had been no contradictory evidence. Blanchard v. State, 504 S.W.2d 180 (Mo.App. 1973). However, the evidence and the reasonable inferences from the evidence were conflicting. We cannot say that the finding that the plea was voluntary was clearly erroneous, and we therefore affirm that finding.

The judgment is affirmed.

BILLINGS, C. J., and STONE and TITUS, JJ., concur.

HOGAN, J., not sitting.

FLANIGAN, J., not participating because not a member of this Court at the time this cause was submitted.